J . . .

v.

VICTORY TABERNACLE BAPTIST CHURCH, ET AL.

Record No. 860363

September 23, 1988

Present: All the Justices

*Jon D. Becker (Garfinkel & Becker, P.C.,* on brief), for appellants.

*John G. Crandley (Preston, Wilson & Crandley,* on brief), for appellees.

THOMAS, J., delivered the opinion of the Court.

By amended motion for judgment dated January 23, 1985, plaintiff alleged that her ten-year-old daughter had been repeatedly raped and sexually assaulted by Charles E. Ladison, an employee of Victory Tabernacle Baptist Church. Plaintiff sued the church and its pastor, Reverend Richard Mears (collectively Victory Baptist), alleging, among other things, that when Victory Baptist hired Ladison it knew, or should have known, that Ladison had recently been convicted of aggravated sexual assault on a young girl, that he was on probation for this offense, and that a condition of his probation was that he not be involved with children. Plaintiff alleged further that despite the foregoing, Ladison was hired and entrusted with duties that encouraged him to come freely into contact with children, that he was given keys that enabled him to lock and unlock all of the church's doors, that Ladison came into contact with plaintiff's daughter at church, where on one or more occasions he had intercourse with her, and that he had intercourse with her on numerous occasions at locations other than the church. In addition to the claim of negligent hiring, plaintiff alleged that Ladison was negligently supervised and monitored by Reverend Mears, and that the defendants failed to warn the victim's parents of Ladison's past criminal and sexual history.

The defendants filed a demurrer. They contended first that the amended motion for judgment failed to allege an "actionable legal duty or the violation of any actionable legal duty." They contended further that Victory Baptist was a charitable religious organization "immune to liability for the matters set forth" in the amended motion for judgment. Finally, they contended that Ladison's custody and parole were controlled by the Commonwealth of Virginia and the City of Norfolk and that those entities could not delegate such responsibilities to a religious charitable institution or its members or pastor. The trial court sustained the demurrer. In a letter opinion dated March 29, 1985, the trial court stated that it did not believe that the claims set forth in the amended motion for judgment constituted causes of action in Virginia.

In this opinion, we decide only whether the allegations of negligent hiring, as set forth in Count I of the amended motion for judgment, state a cause of action in Virginia. This is so because appellant failed to submit any authority either on brief or in oral argument concerning negligent supervision and failure to warn as alleged in Counts II and III of the amended motion for judgment. Consequently, those issues have been abandoned.

■ Virginia has long recognized the tort of negligent hiring. We first discussed it in *Weston's Adm'x* v. *St. Vincent, Etc.*, 131 Va. 587, 107 S.E. 785 (1921), a suit against a hospital and one of its nurses. There, a newborn baby was burned and died after being placed in a crib which contained a hot water bottle that was too hot. We held that the hospital was a charitable institution and that the only duty it owed its patients was the exercise of due care in the selection and retention of employees. *Id.* at 611, 107 S.E. at 793. We repeated this same holding in several other suits involving charitable hospitals. *See Hill* v. *Memorial Hospital, Inc.*, 204 Va. 501, 132 S.E.2d 411 (1963); *Memorial Hospital* v. *Oakes, Adm'x*, 200 Va. 878, 108 S.E.2d 388 (1959); *Norfolk Protestant Hospital* v. *Plunkett*, 162 Va. 151, 173 S.E. 363 (1934).

Despite this long history, Victory Baptist contends that the tort does not exist in Virginia. On brief, Victory Baptist attempted to distinguish the foregoing cases on the ground that they simply stand for the proposition that with regard to charitable hospitals, there exists an exception to the charitable immunity doctrine "on the grounds of negligent hiring and retention of an employee who causes injury to another by negligence occurring within the scope

of employment." Put another way, Victory Baptist submits that in Virginia there is no independent tort of negligent hiring but only an exception to charitable immunity for charitable hospitals. Victory Baptist is mistaken.

■ Any doubt concerning the independent existence, in Virginia, of the tort of negligent hiring was dispelled in *Davis* v. *Merrill*, 133 Va. 69, 112 S.E. 628 (1922). In that case, a gateman for Norfolk & Western Railroad was asked to raise a gate so that a car could cross the tracks. The gateman grumbled, opened the gate, let the car pass, then fired three pistol shots at the car. A woman passenger was struck by one of the bullets and killed. The decedent's administrator sued the railroad for wrongful death asserting liability on two separate and distinct grounds. The first was *respondeat superior*. The second was negligent hiring. In *Davis*, we analyzed both theories of liability and held that the evidence was sufficient to permit the jury to return a verdict under both theories. We affirmed a judgment in favor of the decedent's administrator.

With regard to the question of negligent hiring, we said there was ample evidence tending to prove that the assailant "was a man who would become highly incensed over a very simple matter and get dangerously angry from slight provocation." *Id.* at 79, 112 S.E. at 631. We noted too, that the assailant had once before worked for Norfolk & Western and had been discharged. However, when he was interviewed for the gateman job no one made inquiry concerning his past record, habits, or general fitness for the position. We stated further that had Norfolk & Western investigated, it probably would not have offered the assailant the job. We then stated that employment of an improper person to come in contact with the public as the railroad's agent was gross misconduct.

The significance of *Davis* is that it does not involve a charitable hospital nor an exception to the doctrine of charitable immunity. It is a straightforward analysis of the tort of negligent hiring. The trial court erred in holding that the tort does not exist in Virginia.

■ Victory Baptist argues further that, even if the tort exists, this Court has never stated that it operates as an exception to the charitable immunity generally afforded a religious institution. On brief, Victory Baptist does not explain why there should be an exception to the charitable immunity doctrine as it pertains to charitable hospitals but not as it pertains to religious institutions.

During oral argument, Victory Baptist's counsel was asked to state any principled basis for making an exception with regard to charitable hospitals but not with regard to religious institutions. He was unable to articulate any such distinction, and we perceive none. We hold that the independent tort of negligent hiring operates as an exception to the charitable immunity of religious institutions just as it does with regard to charitable hospitals.

Victory Baptist next argues that the trial court properly sustained the demurrer on the question of negligent hiring because plaintiff failed to allege that the harm to the ten-year-old victim was caused by negligence on the part of the employee. According to this argument, the negligent hiring cause of action requires allegation and proof that the negligently hired individual negligently injured the plaintiff. We disagree. *Davis*, discussed above, did not involve negligent conduct by the negligently hired employee. Just as in this case, it involved criminal wrongdoing. There is no requirement that the negligently hired employee injure another through negligence. Indeed, the very thing that allegedly should have been foreseen in this case is that the employee would commit a violent act upon a child. To say that a negligently hired employee who acts willfully or criminally thus relieves his employer of liability for negligent hiring when willful or criminal conduct is precisely what the employer should have foreseen would rob the tort of vitality by improperly subjecting it to factors that bear upon the separate concept of employer liability based on *respondeat superior*.

Victory Baptist also argues that the demurrer should be sustained because the allegations contained in the amended motion for judgment do not establish a sufficient nexus among the employer's breach of duty, Ladison's conduct, and Ladison's employment. On brief, Victory Baptist did not elaborate upon this argument or cite authority to support it. In oral argument, counsel explained that there were no allegations that the employee was engaged in the church's business when the child was injured; no allegation, for example, that the employee was on duty for the church at the time the girl was raped; no allegation that the girl was raped during Sunday school. Counsel then made clear that what he was complaining about was that there were no allegations to bring the employee's conduct within the scope of his employment.

■ This argument demonstrates that Victory Baptist is confusing the doctrine of *respondeat superior* with the tort of negligent hiring. The distinction was succinctly stated in a recent law review article which analyzed the tort of negligent hiring:

> [T]he two causes of action differ in focus. Under respondeat superior, an employer is vicariously liable for an employee's tortious acts committed within the scope of employment. In contrast, negligent hiring is a doctrine of primary liability; the employer is principally liable for negligently placing an unfit person in an employment situation involving an unreasonable risk of harm to others. Negligent hiring, therefore, enables plaintiffs to recover in situations where respondeat superior's "scope of employment" limitation previously protected employers from liability.

Note, *Minnesota Developments-Employer Liability for the Criminal Acts of Employees Under Negligent Hiring Theory*: Ponticas v. K.M.S. Investments, 68 Minn. L. Rev. 1303, 1306-07 (1984) (footnotes omitted). Thus, Victory Baptist's contention that a nexus is needed — meaning proof that the misconduct was within the wrongdoer's scope of employment — is misplaced.

■ In our opinion, the amended motion for judgment was fully sufficient to state a claim of negligent hiring, and thus it was error for the trial court to sustain the demurrer on that issue. In light of all the foregoing, we will reverse the judgment of the trial court as to Count I of the amended motion for judgment and remand the case for trial consistent with this opinion. The trial court's disposition of Counts II and III will be affirmed.

*Affirmed in part,*
*reversed in part,*
*and remanded.*