558

## CIRCUIT COURT OF THE CITY OF RICHMOND

Nathan Alden Cox,
an infant, etc.

v.

Tabernacle Baptist
Church et al.

April 21, 1995

Case No. LA-16-4

BY JUDGE RANDALL G. JOHNSON

This personal injury action involves an automobile-pedestrian accident which occurred on August 13, 1993. Plaintiff, who was eleven years old at the time and who now sues by his father and next friend, alleges that on that day he was a participant in a "family missions" trip sponsored by Tabernacle Baptist Church of Richmond to Eagle Eyrie Conference Center in Lynchburg. While having lunch or shortly thereafter, plaintiff and some of the other children in the program were crossing or attempting to cross Chandlers Mountain Road, described by plaintiff in his pleadings as "a major and very busy highway and intersection area which does not have any controlled pedestrian crosswalk signals." Plaintiff was struck by a car driven by defendant Shirley Ann Bland and severely injured. He seeks damages of $2,500,000.

Suit was filed on January 5, 1995. The motion for judgment contained three counts. Count I alleged negligent hiring and retention on the part of Tabernacle, plaintiff claiming that Tabernacle breached its duty to exercise due care in the "selection, hiring, retention, use, and employment of individuals who would be fit, proper, attentive, and otherwise responsible in

and for the care and custody of children, such as your Plaintiff, for his trip from Richmond to Lynchburg, Virginia, and back on the day in question."

Count II sought recovery from Tabernacle under Va. Code §§ 40.1-103 and 8.01-221. Those sections provide:

§ 40.1-103. *Cruelty and injuries to children.* — It shall be unlawful for any person employing or having the custody of any child willfully or negligently to cause or permit the life of such child to be endangered or the health of such child to be injured, or willfully or negligently to cause or permit such child to be placed in a situation that its life, health, or morals may be endangered, or to cause or permit such child to be overworked, tortured, tormented, mutilated, beaten, or cruelly treated. Any person violating this section shall be guilty of a Class 6 felony.

§ 8.01-221. *Damages from violation of statute, remedy therefor, and penalty.* — Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, even though a penalty or forfeiture for such violation be thereby imposed, unless such penalty or forfeiture be expressly mentioned to be in lieu of such damages. And the damages so sustained together with any penalty or forfeiture imposed for the violation of the statute may be recovered in a single action when the same person is entitled to both damages and penalty; but nothing herein contained shall affect the existing statutes of limitation applicable to the foregoing causes of action respectively.

Count III (erroneously captioned "Count IV" in the motion for judgment) alleged negligence against Shirley Bland. Also named as defendants, though not mentioned anywhere in the motion for judgment other than in the caption, were Tabernacle's trustees.

Tabernacle and the trustees filed demurrers to Counts I and II of the motion for judgment. With respect to Count I, Tabernacle and the trustees claimed that the motion for judgment failed to allege which employee was negligently hired; how Tabernacle and/or the trustees failed to make reasonable inquiry into such employee's fitness prior to being hired; and what facts demonstrating unfitness of that employee would have been revealed by inquiry beyond that which was made. With respect to Count II, Tabernacle and the trustees contended that neither of the statutes relied on by plaintiff creates a private right of action.

A hearing on the demurrers was held on February 14. After hearing argument, the court agreed that neither Va. Code § 40.1-103 nor § 8.01-221 creates a private right of action, and the demurrers to Count II were sustained. The demurrers to Count I were overruled. The court's written order, however, granted plaintiff leave "to amend his pleadings." The order continued:

> Such amendment, in lieu of a Bill of Particulars, shall include Plaintiff's allegations as to:
> (a) which Tabernacle employee was negligently hired;
> (b) how Tabernacle failed to make reasonable inquiry into its employee's fitness prior to being hired; and
> (c) what facts demonstrating unfitness of this employee would have been revealed by inquiry beyond that which was made.

On February 28, 1995, plaintiff filed an amended motion for judgment. While Tabernacle and Bland are again named as defendants, the trustees are not. Added as a defendant is Judy Fiske, identified by plaintiff as Tabernacle's minister of youth and the person in charge of the trip on which plaintiff was injured. Five counts are now set out. Count I alleges negligent hiring and retention of Judy Fiske by Tabernacle. Count II alleges tortious injuries as a result of breach of contract, plaintiff claiming that a contract existed between Tabernacle and plaintiff, "through [plaintiff's] father, that [Tabernacle] would be responsible for [plaintiff's] care, custody, control, supervision, safety, and welfare for the week of August 9-13, 1993," and that such contract was breached by Tabernacle when plaintiff was allowed to cross the highway unsupervised and unattended. Count III alleges simple negligence against Tabernacle. Count IV alleges simple negligence against Fiske. Count V alleges simple negligence against Bland.

Tabernacle and Fiske have now filed a demurrer to the first four counts of the amended motion for judgment. For the reasons which follow, the demurrer will be sustained as to Counts I, II, and IV. It will be overruled as to Count III.

## I. *Negligent Hiring and Retention*

The tort of negligent hiring and retention is fully recognized in Virginia. *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 372 S.E.2d 391 (1988); *Davis v. Merrill*, 133 Va. 69, 112 S.E. 628 (1922); *Weston's Adm'x v. St. Vincent, etc.*, 131 Va. 587, 107 S.E. 785 (1921). Indeed, it is because of such recognition that the initial demurrers to plaintiff's negligent hiring claim were overruled. At the same time, however, the court was of the opinion that Tabernacle and the trustees should be given more information about plaintiff's

claim of negligent hiring than was given in the original motion for judgment. In this regard, Rule 3:16(b) of the Rules of the Supreme Court of Virginia provides:

> (b) An allegation of negligence or contributory negligence is sufficient without specifying the particulars of the negligence. On motion made promptly, a bill of particulars may be ordered to amplify any pleading that does not, in the opinion of the court, comply with this rule. A bill of particulars that fails to inform the opposite party fairly of the true nature of the claim or defense may, on motion made promptly, be stricken and an amended bill of particulars ordered. If the amended bill of particulars fails to inform the opposite party fairly of the true nature of the claim or defense, the pleading not so amplified and the bills of particulars may be stricken.

Under this rule, defendants' request for more details of their alleged negligence could have, and should have, been handled by a motion for a bill of particulars and by an order for such a bill. During colloquy at the first demurrer hearing, however, it became obvious that plaintiff's counsel wanted to "clean up" his motion for judgment. Specifically, plaintiff's counsel expressed reservations about the viability of plaintiff's claim against the trustees, as well as suggesting that one or more additional defendants might be named. It was for that reason that the court's order allowed an amendment "*in lieu of*" a bill of particulars. That way, not only could plaintiff provide Tabernacle and the trustees with more details of his negligent hiring claim, he could also make whatever other changes he desired in his motion for judgment. In fact, plaintiff did make other changes. Not only were the trustees dropped from the suit and Judy Fiske added, plaintiff also added a new count of "tortious injuries as a result of breach of contract." Significantly, however, no details were given concerning Tabernacle's alleged negligent hiring and retention; that is, the information specifically called for in the court's previous order was not provided. Thus, Tabernacle has again demurred, and now so has Fiske.

Had the court simply ordered a bill of particulars to plaintiff's original motion for judgment, the court would now look at the bill of particulars to see if it "inform[s] the opposite party fairly of the true nature of the claim" of negligent hiring. Supreme Court Rule 3:16(b) set out above. Since it clearly does not, the court would strike the bill of particulars and order that an amended bill of particulars be filed. If the amended bill of particulars also failed to comply with the rule, the negligent hiring count *and* the bills of particulars would be stricken. *Id.* It might appear, then, that since the amended motion for judgment took the place of plaintiff's first bill of particulars, the appropriate thing to do now is to order a bill of particulars to take the place of

the amended bill of particulars referred to in Rule 3:16(b). This would give plaintiff the "second chance" obviously contemplated in the rule to inform Tabernacle of the true nature of plaintiff's negligent hiring claim. The court, however, will not do so.

At the hearing on the most recent demurrer, plaintiff's counsel conceded that he has no evidence or other information to suggest that Judy Fiske or anyone else was negligently hired or retained by Tabernacle. Va. Code § 8.01-271.1 precludes a negligent hiring and retention claim under such circumstances. After requiring that all court pleadings be signed by the party filing them or by his or her attorney, the statute declares:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) *to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact* and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Emphasis added.

Having conceded that he knows of no fact to support plaintiff's claim of negligent hiring and retention, it is impossible for plaintiff's counsel to now file a bill of particulars, amended bill of particulars, or any other pleading making that claim without running afoul of § 8.01-271.1. While Virginia allows "notice" pleading, it does not allow "empty" pleading. Accordingly, although not in strict conformity with the procedure contemplated in Rule 3:16(b), the demurrer to Count I of the amended motion for judgment, alleging the negligent hiring and retention of Fiske by Tabernacle, is sustained.

## II. *Tortious Injuries as a Result of Breach of Contract*

In *Wright v. Everett*, 197 Va. 608, 90 S.E.2d 855 (1956), the Virginia Supreme Court noted:

> [E]ven though the foundation of [an] action [arises] out of privity of contract between the parties, if the same alleged facts show a breach of duty constituting a tortious neglect, plaintiff has a right to elect whether he will proceed in tort or assumpsit.

197 Va. at 615.

In *Foreign Mission Board v. Wade*, 242 Va. 234, 409 S.E.2d 144 (1991), the court said:

> *Wright* and *Kamlar [Corp. v. Haley*, 224 Va. 669, 299 S.E.2d 514 (1983),]* each addressed the propriety of an award of punitive damages in an action for breach of contract. We recognized that in certain circumstances the actions of the party breaching the contract can show "both a breach of the contract terms and a tortious breach of duty." *Kamlar*, 224 Va. at 705, 299 S.E.2d at 517. But the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract. *Spence [v. Norfolk & W. R. Co.*, 92 Va. 102, 22 S.E. 815 (1895)], 92 Va. at 116, 22 S.E. at 818.

242 Va. at 241.

Apparently relying on these observations, plaintiff alleges in Count II of his amended motion for judgment that "the Church, orally and in writing, directly and impliedly, agreed and contracted with your Plaintiff, through his father, that it would be responsible for his care, custody, control, supervision, safety, and welfare for the week of August 9-13, 1993," and that "in addition to its contract with your Plaintiff, the Church correspondingly had a common law duty to provide for the safety and welfare of your Plaintiff while he was in the care, custody, control, and supervision of the Church during the week of August 9-13, 1993." Thus, argues plaintiff, he may sue the church in contract or in tort. The demurrer to this count will be sustained.

As *Foreign Mission Board v. Wade* makes clear, *Wright, Kamlar*, and *Spence* "*do not . . .* stand for the proposition that the breach of a contractual duty constitutes an independent tort, the basis of a negligence action." 242 Va. at 241 (emphasis added). On the contrary, such common law duty must exist *independently* of the contract. *Id.* No such common law duty exists here.

Perhaps in a perfect world we would all be responsible for the safety of all of our fellow human beings, particularly the children.[1] If we saw a child dart out into the street, we would rush to protect him or her. But we do not live in a perfect world, and the law imposes no general requirement that any of us protect anyone else from his or her own, or other people's, negligence. As cold and harsh as it may seem, we simply do not have any basic common law duty to protect one another from negligence, except, of course, our own negligence.

---

[1]This statement, of course, is an oxymoron since in a perfect world no one's safety would ever be threatened. Still, it makes the point.

While such a duty may be created by statute, by a special relationship (for example, owner-invitee, landlord-tenant, etc.), or, as claimed here, by contract, such duty is not *independent* of such statute, relationship, or contract. And since a negligence action may not be maintained on the basis of a duty imposed solely by contract, plaintiff's negligence action based solely on the duties arising out of plaintiff's purported contract with Tabernacle cannot be maintained here.

## III. *Negligence of Tabernacle*

The demurrer to Count III is based on Tabernacle's claim of charitable immunity. While this court has on two fairly recent occasions observed that the doctrine of charitable immunity in Virginia is "alive and well" (*see Moore, Adm'r v. Warren*, 34 Va. Cir. 416 (1994); *Gaines v. Young Men's Christian Assn.*, 32 Va. Cir. 346 (1994)), and while the allegations of the amended motion for judgment suggest very strongly that Tabernacle is a charitable institution and that plaintiff was a beneficiary of that charity, the court cannot make an ultimate finding in that regard based solely on such suggestion. And since on demurrer the court may not go outside of the amended motion for judgment, the demurrer to this count must be overruled.

## IV. *Negligence of Defendant Fiske*

The discussion set out above involving plaintiff's claim of "tortious injury as a result of breach of contract" mandates dismissal of plaintiff's claim against Judy Fiske. This is so because Count IV of the amended motion for judgment, which is the only count seeking to impose liability on Fiske, alleges that Fiske "individually, *and outside the scope of her employment*, owed your Plaintiff a duty, at the least, to exercise ordinary care, if not greater vigilance, as it related to his care, custody, control, supervision, safety, and welfare." Emphasis added. Since, as was pointed out earlier, no such duty exists in the absence of statute, contract, or special relationship and since there is no statute imposing such a duty here and since plaintiff affirmatively alleges that such duty did *not* arise out of a contract or special relationship, that is, Fiske's employment, Fiske did not have the duties alleged. The demurrer to Count IV is sustained.

## Conclusion

For the foregoing reasons, defendants Tabernacle's and Fiske's demurrer is sustained as to Counts I, II, and IV of plaintiff's amended motion for judgment. The demurrer is overruled as to Count III.