## CIRCUIT COURT OF THE CITY OF RICHMOND

Herbert Bennett

v.

Chambak N. Desai, etc., et al.

November 19, 1996

Case No. LA-2451-1

By Judge Melvin R. Hughes, Jr.

This matter is before the court on the motion of the defendants for summary judgment. This is a case in which the plaintiff, Herbert Bennett, alleges that he was assaulted in The Relax Inn, a hotel operated by the defendants. Plaintiff alleges that two of the three individuals who assaulted him, Cassandra Burrell and Ernest Lee Scott, were employees of the defendants. Plaintiff's Motion for Judgment alleges that the defendants were negligent in that they (1) hired personnel, Cassandra Burrell and Ernest Lee Scott, specifically, whom defendants knew were engaged in illegal activity, including violations of certain laws pertaining to employment; (2) failed to interview and determine the criminal histories of employees to

whom plaintiff would be exposed; (3) allowed persons, known not to be employees or guests onto the premises of the business; and (4) failed to provide adequate and sufficient security and protection to guests, generally, and plaintiff, specifically.

Relying on plaintiff's answers to interrogatories, defendants assert in their Motion for Summary Judgment that (1) plaintiff cannot prove that Ernest Lee Scott was an employee, (2) plaintiff has failed to present proof that Cassandra Burrell and Ernest Lee Scott were unfit by reason of some deficiency, inability, education, or character, and (3) that defendants did not fail to provide adequate security and protection.

Negligent hiring arises when an employer places "an unfit person in an employment situation involving an unreasonable risk of harm to others." *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 211, 372 S.E.2d 391 (1988). Therefore, in any negligent hiring case, the plaintiff must prove that he was injured by an employee of the defendant. The defendants deny that Ernest Lee Scott was employed by them. In his Answer to Interrogatory 1(a), plaintiff states the following facts that he claims prove that Ernest Lee Scott was an employee of the defendants:

> Plaintiff has been a business invitee of the defendants on numerous occasions. During many, if not all, of the occasions Cassandra Burrell and Ernest Lee Scott would clean his room. On several occasions plaintiff spoke with both of the employees. On the date of the attempted murder of plaintiff Cassandra Burrell advised plaintiff that her paycheck from the defendants was going to be late.

Scott's appearing at the hotel and cleaning a room is not sufficient evidence to establish that he was employed by the defendants. Therefore, plaintiff has failed to state sufficient facts upon which a reasonable jury could find that Scott was an employee. Any negligent hiring claim based on these actions is deficient.

In order to recover for negligent hiring, a plaintiff must show that the employer knew or should have known that its employee had some flaw or deficiency in education or training, physical or mental status, or moral character. *Norfolk Protestant Hospital v. Plunkett*, 162 Va. 151, 156, 173 S.E. 363 (1934). Further, the act of placing an unfit person in a situation involving unreasonable risk of harm must be the proximate cause of the plaintiff's injuries. *Infant C. v. Boy Scouts of America*, 239 Va. 572, 578,

391 S.E.2d 322 (1990). Therefore, the plaintiff must show that the specific flaw or defect of the employee was the proximate cause of his injuries.

Plaintiff alleges that defendant hired persons known to be thieves. In support of the contention that Ernest Lee Scott and Cassandra Burrell were engaged in illegal activity, plaintiff alleges that:

> While both Cassandra Burrell and Ernest Lee Scott were employed by defendants and were paid a salary, defendants kept no files or records concerning these employees, including but not limited to federal and state withholding and social security deductions. The failure to maintain such records, to make withholdings and to pay those withholdings, is a violation of the law, both state and federal.
>
> Defendants further intentionally and feloniously misrepresented the relationship of both employees [to] law enforcement personnel investigating the attempted robbery and murder of plaintiff.

Plaintiff's Answer to Interrogatory 1(d). To support the contention that defendants failed to interview and determine the criminal histories of employees, plaintiff offers that:

> Investigation by police led to no records concerning any nature of interview or application by defendants of the employees. Defendants denied that the two were employees and had no information concerning these people. Both defendants denied any knowledge of the two assailant employees.

Plaintiff's Answer to Interrogatory 1(e). As his basis that the employees have some "flaw or deficiency in education or training, physical or mental status, or moral character," plaintiff states that the alleged employees have failed to pay their taxes. Although failure to file taxes may be seen as a deficiency, there is not a sufficient nexus between this deficiency and the injury suffered by the plaintiff. Plaintiff has not shown that this flaw or defect was the proximate cause of plaintiff's injuries. Therefore, plaintiff's allegations fail to state a claim that the defendants are liable to plaintiff for negligent hiring and this claim should be dismissed.

Plaintiff also claims that defendants were negligent in failing to provide adequate and sufficient security and protection. In support of this claim, plaintiff contends that:

The defendants allowed undocumented employees, without interview, to have access to business invitees' rooms. The employees were not maintained in any file base. No addresses were kept and no references taken or checked to determine what type of person was being hired. The sole concern of the defendants appeared to be hiring the most inexpensive person possible, with total disregard and lack of concern for the protection of the business invitees, generally, and specifically, the plaintiff.

Plaintiff's Answer to Interrogatory 1(g). Plaintiff also asserts that the defendants were negligent in allowing persons, known not to be employees or guests, onto the premises of the business. To support this contention, plaintiff claims that "[b]ased on statement and observations, there appeared to be no security personnel employed by the defendants and their employees, with keys, [who] were capable of permitting any non-guest on the premises." Plaintiff's Answer to Interrogatory 1(f). "[A] business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against criminal assault unless he knows that criminal assaults against persons are occurring, or are about to occur on the premises which indicate an imminent probability of harm to an invitee." *Wright v. Webb*, 234 Va. 527, 533 (1987). The plaintiff has not shown facts which could prove that the defendants knew that criminal assaults were occurring or were about to occur on the premises which indicate an imminent probability of harm to an invitee. Therefore, plaintiff's assertion is insufficient to prove this claim based upon insufficient security and this claim should be dismissed.

Likewise, the defendants should not be liable for an intentional tort of assault. Under the doctrine of *respondeat superior*, the employer is liable for tortious acts of his employee if the employee was performing the employer's business and acting within the scope of his employment. *Kensington Associates v. West*, 234 Va. 430, 432 (1987). An act is within the scope of employment, for purposes of a *respondeat superior* analysis, if it was expressly or impliedly directed by the employer or is naturally incident to the business, and it was performed, although mistakenly or ill advisedly, within the intent to further the employer's interests, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business, and did not arise wholly from some external, independent, and personal motive on the part of an employee to do an act on his own account. *Id.* Although paragraph 15 of the Motion for

Judgment alleges that at all times Cassandra Burrell and Ernest Lee Scott were on the premises with the permission and leave of the defendants, that is not enough to support a claim against the defendants under *respondeat superior* principles. Plaintiff has not presented sufficient evidence to show that Burrell and Scott were acting within the scope of their employment, and therefore this claim should be dismissed.

For these reasons, defendants' motion for summary judgment is sustained and this cause is dismissed with prejudice.