## CIRCUIT COURT OF LANCASTER COUNTY

Vanity Stores, Inc., et al.

v.

Town of Kilmarnock et al.

March 3, 1998

BY JUDGE JOSEPH E. SPRUILL, JR.

Demurrers and pleas in bar have been filed to all counts of the Motion for Judgment in this proceeding and are now before the Court for decision.

The plaintiff, Vanity Stores, Inc., a Virginia corporation, has established a restaurant in the Town of Kilmarnock. In the process of obtaining a certificate of occupancy, the corporation was required by defendant, Emerson C. Russell, acting in his capacity as building inspector for the Town of Kilmarnock (Town), to comply with certain provisions of the Uniform Statewide Building Code (USBC) relating to fire protection. Plaintiffs, who are the corporation and four individuals who are identified as being African-American and stockholders and officers of Vanity, complain that they were discriminated against because of their race and religion in the process of obtaining the certificate of occupancy. Specifically, they claim (1) that the Town was negligent in hiring and retaining Russell at a time when he was not certified as a building official as required by law; (2) that they were denied substantive and procedural due process because of the failure of the Town to establish a Board of Building Code Appeals; (3) that the defendants conspired to injure the plaintiffs in their reputation, trade, and business; and (4) that the defendants were motivated by the race and religion of the plaintiffs to discriminate against them in violation of Virginia Code § 8.01-42.1.

The defendants (who are the Town, Russell as building inspector, Edward L. Faison, Town Manager, and Fred H. Wharton, a representative of the Fire Marshall's office) have demurred and filed pleas in bar, specifically pleas of collateral estoppel, res judicata, and sovereign immunity.

Prior to the filing of this proceeding in this Court, the same plaintiffs filed a nearly identical suit against the same defendants in the United States District Court for the Eastern District of Virginia. On June 3, 1997, Judge James R. Spencer granted summary judgment for the defendants on two of the issues pleaded here, finding there were no due process or equal protection violations nor any conspiracy to violate plaintiffs' constitutional rights.

The doctrine of collateral estoppel precludes the same parties to a prior proceeding from litigating in a subsequent proceeding any issue of fact that was actually litigated and essential to a final judgment in the first proceeding. *Glasco v. Ballard*, 249 Va. 61 (1995). Because the claims of due process and equal protection violations as well as the conspiracy claim have been considered by the federal court and found to be without merit, the plaintiffs are estopped from litigating these same issues here. The plaintiffs seek to distinguish between a claim under the federal Constitution and one under the Virginia Constitution. However, state and federal due process clauses are identical, and the Virginia Constitution afford no greater rights than its federal counterpart. The same analysis disposes of both identical claims. Moreover, a valid judgment on the merits in favor of the defendants in the U.S. District Court bars relitigation of the same causes of action, or any part thereof, which could have been litigated between the same parties. *Bates v. Devers*, 214 Va. 667 (1974). Accordingly, the doctrine of collateral estoppel and res judicata preclude the plaintiffs from relitigating the issues raised in Counts II and III of their Motion for Judgment, and the pleas in bar to these counts are sustained as to all defendants.

There is another reason the conspiracy claim must fail. The participants in the alleged conspiracy are the Town, its manager, and its building inspector. As a matter of law, this is only one entity, the Town. A single entity cannot conspire with itself. *Fox v. Deese*, 234 Va. 412 (1987).

Plaintiffs concede that their Motion for Judgment does not state facts upon which relief should be granted as to defendant Wharton. His demurrer, therefore, will be sustained as to all counts.

Plaintiffs contend that the defendants were negligent in hiring and retaining Russell as its building inspector because he was not certified as required by state law. As a direct and proximate consequence, plaintiffs claim they have suffered injury and damage. Plaintiffs must show more than a mere failure of certification. They must show that the hiring of Russell involved

negligently placing an unfit person in an employment situation involving an unreasonable risk of harm to others. *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206 (1988). Thus, the tort of negligent hiring is not linked to licensure; rather it involves hiring someone who is unfit and who poses an unreasonable risk of harm to others. The USBC does not forbid hiring uncertified or unlicensed officials. Section 102.2.3 of the Code provides that the "building official shall be certified in accordance with Part III of the Virginia Certification Standards within three years after the date of employment." Thus, it is not *per se* improper to hire someone who lacks certification.

There is no claim that Russell posed an unreasonable risk of harm to others. Further, Russell and Faison, as individuals, do not have responsibility for the hiring and retention of the building inspector. Russell was employed by the Town, not by himself or Faison.

To support a claim for negligent hiring, the plaintiff must show that the Town negligently hired an unfit person knowing that such person posed an unreasonable risk of harm to others. Such a case is not stated here.

The tort of negligent retention of employees appears not to be a recognized cause of action in Virginia. See *Dixon v. Denny's, Inc.*, 2:95cv901, (E.D. Va., July 29, 1996). Although there is authority for a contrary position, as noted in *Dixon* "of the four courts which have actually decided the viability of a negligent retention claim in Virginia, three have concluded that no such tort exits under Virginia law." Moreover, the fourth case refers to an action for the retention of an employee "who displays dangerous tendencies after his hiring." There is no claim here that Russell displayed "dangerous tendencies." We adopt what appears to be the prevailing view in Virginia and conclude that there is no recognizable claim for negligent retention of employees in the Commonwealth.

For these reasons, the demurrer of the Town, Russell, and Faison to Count I of the Motion for Judgment is sustained.

Next, plaintiffs allege that the conduct of the defendants towards them was motivated by their race and religion. They claim harassment and discrimination.

This case is about the application of the Uniform Statewide Building Code. Mr. Russell required the plaintiffs to bring the proposed restaurant building into compliance *or* to propose and implement an acceptable alternative. Nothing more. In their Motion for Judgment, plaintiffs allege they hired their own fire safety consultant, Thurman R. Hill, whose credentials they claimed "were impeccable." Plaintiffs claim that Mr. Hill inspected their

building and concluded that it "met the USBC without any other renovations." The building, said Mr. Hill, according to plaintiffs, was suitable as it was.

However, these allegations are at odds with the findings of the U. S. District Court. Judge Spencer found that Mr. Hill himself concluded that the building did not meet fire safety code standards. (See Judge Spencer's Memorandum Opinion, page 4). Thus, the plaintiffs' own expert corroborates the findings of Mr. Russell.

Moreover, Mr. Hill proposed certain changes to bring the building within code regulations. These changes were proposed June 14, 1995. They were implemented, according to Judge Spencer's memorandum opinion, and on July 31, 1995, a certificate of occupancy was issued.

These factors do not suggest harassment or discrimination of any kind. In the federal proceeding, Judge Spencer found no racial animus regarding the application of the provisions of the USBC. For these reasons, the demurrer as to Count IV is sustained.

The Town of Kilmarnock as a municipal corporation enjoys sovereign immunity for its governmental functions. Governmental functions are those conferred by law for the general benefit, health, welfare, and safety of its citizens. *Edwards v. City of Portsmouth,* 237 Va. 167 (1989). The enforcement of uniform statewide building codes is delegated by the state to the localities. In undertaking to enforce the building code, the Town is performing a governmental function and enjoys immunity from suit. Accordingly, the plea of sovereign immunity is sustained.

It is unnecessary to address this issue of misjoinder of parties.

The demurrers are sustained without leave to plead over.