# CIRCUIT COURT OF THE CITY OF ROANOKE

Debra D. Flanary

v.

Roanoke Valley
Society for the
Prevention of
Cruelty to Animals
and Erman Alexander

March 3, 1999

Case No. CL98-856

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff claims damages as a result of alleged sexual discrimination and harassment, assault and battery and sexual assault and battery, negligent retention of an unfit supervisor, and intentional infliction of emotional distress. A portion of Plaintiff's claims deals with wrongful constructive discharge from employment because of alleged torts by her employer and its agent. Defendants have demurred and filed a special plea in bar. They argue that Plaintiff's sole remedy for wrongful termination arises under the Virginia Human Rights Act. Defendants also assert that sexual assault and battery is not a viable common law tort, that sufficient allegations have not been pleaded for the tort of intentional infliction of emotional distress, that the Plaintiff's exclusive remedy lies within the Workers' Compensation Act, and that the statute of limitations has run as to several of the alleged torts. The Court finds that each of the parties has succeeded in a portion of their arguments and, as set forth below, sustains various parts of the demurrer.

The concept of constructive discharge is a fiction of the law that allows an employee, upon proof that the employer deliberately mistreated him or her in some intolerable manner thereby causing them to quit their job, to treat that job termination as involuntary rather than voluntary. *Dowdy v. Bower*, 37 Va. Cir. 432 (1995). It is the same thing under the law as being wrongfully discharged or fired. Thus, the Plaintiff's allegations with regard to her common law sexual discrimination and harassment claim is that she was wrongfully discharged from her employment on the basis of sex. Such common law claims have been supplanted by statutory remedies "for wrongful termination based on any public policy which is reflected in the Virginia Human Rights Act." See *Conner v. National Pest Control Assn., Inc.*, 257 Va. 286, 513 S.E.2d 398 (1999). See also § 2.1-725, Code of Virginia (1950), as amended, and *Doss v. Jamco, Inc.*, 254 Va. 362, 371 (1997). Accordingly, the demurrer is granted as to Count I of the Motion for Judgment. Plaintiff will not be allowed to amend her pleading to allege a statutory claim of wrongful termination because the 180-day statute of limitations has lapsed.

No authorities have been presented to the Court that "sexual assault and battery" should be treated as a separate and independent cause of action under the common law of this Commonwealth. The Defendant's arguments concerning the statutory criminal offense of sexual battery do not deal with the position the Plaintiff has taken in her motion for judgment. The count alleging common law assault and battery and sexual assault and battery will be treated as, and limited to, a claim that the Defendant committed the intentional tort of assault and battery against the Plaintiff for the series of offensive touchings set forth in the Motion for Judgment. Insofar as is necessary to eliminate references to the alleged tort of "sexual assault and battery" and as to damages related to the Plaintiff's wrongful termination from her employment as addressed exclusively by § 2.1-725, the demurrer of the Defendant is granted as to Count II. The Plaintiff shall have thirty days to amend her pleading. Nothing contained in this ruling shall prevent the Plaintiff from presenting evidence and arguing to the jury that her claim of assault and battery constitutes sexual abuse or is sexually motivated. Those concepts deal with the intent of the tortfeasor and with the quantum of damages. They do not deal with the basics of Plaintiff's cause of action. The question of whether or not the Defendant Alexander's actions are also attributable to the Defendant employer is a matter of proof that will depend upon the evidence presented at trial.

Both Defendants have demurred to Count IV, the intentional infliction of emotional distress allegation, asserting that the behavior alleged was not

sufficiently egregious under the case law of this Commonwealth to warrant presentation to a jury. They also argue that the four-prong test of *Womack v. Eldridge*, 215 Va. 338 (1974), has not been met. Under the facts of this case as alleged by the Plaintiff, she was intentionally inundated over a lengthy and continuous period of time with offensive and graphic sexual suggestions, comments, innuendoes, and offensive touchings. She made her complaints of this intimidation known to her supervisor, who was the primary tortfeasor, and to her employer without relief. As a direct result of these actions, she claims to have suffered severe emotional harm serious enough to require medical treatment. Each of the necessary elements of the tort of intentional infliction of emotional distress are contained within the four corners of the motion for judgment. The conduct as alleged is extreme and outrageous. Whether it is sufficiently so to result in liability and damages is a question for the jury. The demurrers as to Count IV are denied.

The argument of the Defendant SPCA under its special plea in bar, that the Plaintiff's sole remedy for assault and battery arises under the workers' compensation laws of this Commonwealth, is defeated by the provisions of § 65.2-301. That code section specifically allows this type of action against an employer and a co-employee whose alleged actions fit the statutory definition of sexual battery. The claimed assault and battery and intentional infliction of emotional distress being continuous, the statutory time limitations did not commence until the actions ceased. Therefore, these actions are not barred by the statute of limitations. Defendant's special pleas in bar are denied.

Should the Plaintiff choose to amend her pleading within the thirty days allowed, she should also include those of her allegations which were not stricken so that her amended Motion for Judgment will contain her entire claim, without reference back to the original Motion for Judgment.