134

# CIRCUIT COURT OF THE CITY OF ROANOKE

Debra D. Flanary

v.

Roanoke Valley
Society for the
Prevention of
Cruelty to Animals
and Erman Alexander

Case No. CL98-856

BY JUDGE ROBERT P. DOHERTY, JR.

June 26, 2000

The Plaintiff in this case, Debra D. Flanary, brought suit against Defendants Erman Alexander and the Roanoke Valley Society for the Prevention of Cruelty to Animals ("SPCA"), alleging assault and battery, negligent retention of a supervisor by SPCA, and intentional infliction of emotional distress. These claims arise from the period between July 1995 and March 1997, when Plaintiff was employed by SPCA and supervised by Alexander.

Both defendants have demurred to what is now the Second Amended Motion for Judgment. SPCA's demurrer contends that (1) the Plaintiff has alleged insufficient facts to establish a claim for negligent retention under Virginia law and (2) that insufficient facts have been pleaded to support intentional infliction of emotional distress. Alexander demurs only to the sufficiency of the pleading of intentional infliction of emotional distress.

In addition, both defendants filed identical special pleas in bar, each alleging (1) that the Virginia Workers' Compensation Act, Va. Code Ann. § 65.2-302, is Plaintiff's exclusive remedy for her claim of assault and battery; (2) that any claim for assault and battery is barred by the applicable statute of

limitations; and (3) that any claim for intentional infliction of emotional distress is also barred by the statute of limitations. SPCA also filed a Motion for Summary Judgment as to the negligent retention claim. For the reasons that follow, each of these demurrers and special pleas are denied. Part one of the Motion for Summary Judgment is denied as premature. Part two of the Motion is denied on its merits.

*Demurrers*

The first of SPCA's assertions in its demurrer is that Plaintiff has alleged insufficient facts as a matter of law to support a claim for negligent retention. In support, SPCA cites *Southeast Apts. Mgmt. v. Jackman*, 257 Va. 256 (1999). *Jackman* involved an apartment maintenance man who invaded the apartment of a female tenant during the nighttime, assaulting her as she lay in bed asleep. The Supreme Court held that even though the apartment's management company had knowledge of this maintenance worker's tendency toward imbibing alcohol during working hours and his frequent comments about wanting to "date" various female tenants of the complex:

> the owner did not know, nor should it have known, in the exercise of reasonable care, that Turner [the maintenance man] was dangerous and likely to harm tenants. The fact that there was a "suspicion" Turner may have had an alcohol or drug problem, and may have had an attraction for single women, did not render this 31-year-old single man a dangerous employee and one likely to commit sexual assaults. Nor does the fact that an employee is "obnoxious," in the opinion of other employees, furnish notice to an owner exercising reasonable care that the employee is likely to sexually assault tenants.

257 Va. at 261-62.

But *Jackman* does not control the facts of this case because the Plaintiff has alleged that the SPCA board committed negligent retention by failing to remove Alexander from his position only after Plaintiff complained to them in late November 1996 about the specific behavior of Alexander. As pleaded in this case, the SPCA board had more than just the "suspicion" discussed in *Jackman*, they had an affirmative complaint and therefore actual notice. Accordingly, the Court denies part one of SPCA's demurrer.

SPCA's second demurrer, and Alexander's only demurrer, claims that Plaintiff failed to adequately plead a cause of action for intentional infliction

of emotional distress. This contention has been previously dealt with by this Court in its letter opinion dated March 3, 1999:

> Under the facts of this case as alleged by the Plaintiff, she was intentionally inundated over a lengthy and continuous period of time with offensive and graphic sexual suggestions, comments, innuendoes, and offensive touchings. She made her complaints of this intimidation known to her supervisor, who was the primary tortfeasor, and to her employer, without relief. As a direct result of these actions, she claims to have suffered severe emotional harm serious enough to require medical treatment. Each of the necessary elements of the tort of intentional infliction of emotional distress are contained within the four corners of the motion for judgment. The conduct as alleged is extreme and outrageous. Whether it is sufficiently so to result in liability and damages is a question for the jury.

48 Va. Cir. 249 at 251.

These allegations meet the four-prong test of *Womack v. Eldridge*, 215 Va. 338 (1974). Assuming a physical harm is proven to have resulted from the emotional damage alleged to have been suffered by the Plaintiff, a factor which had it been alleged with more specificity would have eliminated a great deal of the argument in this case, a proper jury question is presented. Consequently, Defendant's demurrers with respect to the sufficiency of Plaintiff's intentional infliction of emotional distress allegation are denied.

### Special Pleas in Bar

As mentioned above, both Defendants raise identical special pleas. They can, therefore, be disposed of together. The first special plea is that Plaintiff's assault and battery claim is barred by the Virginia Workers' Compensation Act, Va. Code Ann. § 65.2-302 *et seq*. This assertion was also addressed in this Court's March 3, 1999, letter opinion:

> The argument of the Defendant under its special plea in bar, that the Plaintiff's sole remedy for assault and battery arises under the workers' compensation laws of this Commonwealth, is defeated by the provisions of § 65.2-301. That code section specifically allows this type of action against an employer and a co-employee whose alleged actions fit the statutory definition of sexual battery.

48 Va. Cir. 249 at 251.

The Court therefore again denies the special pleas alleging that Plaintiff's sole remedy arises under the Workers' Compensation Act.

The second special plea in bar asserts that any claim for assault and battery is barred by the applicable statute of limitations. However, "the Defendant has the burden of proof to establish facts necessary to prevail on a statute of limitations plea." *Hing-Har Lo v. Burke*, 249 Va. 311, 316 (1995). In this case, the motion for judgment does not allege dates with sufficient specificity to determine when the statutory period commenced its run. The interpretation that the Defendant reads into Plaintiff's response to "interrogatory number 3" is more specific than the answer given by the Plaintiff. Plaintiff only states that Alexander's alleged harassing and obnoxious behavior began "shortly after" her July 11, 1995, hire date at SPCA. This does not necessarily mean, however, that any offensive touching occurred on any specific date between July 1995 and Plaintiff's eventual resignation in March 1997. The phrase "shortly after" is a relative term, too vague and speculative to be definitive. Therefore, Defendant's special plea of the statute of limitations is denied with leave to raise it again should additional discovery or proof at trial make it viable.

Defendants' third special plea in bar contends that any claim for intentional infliction of emotional distress is likewise barred by the applicable statute of limitations. It fails for the same reasons as the above special plea to the assault and battery claim; however, Defendant is given leave of Court to file it again if circumstances make it feasible.

## SPCA's Motion for Summary Judgment

The SPCA has made a motion for summary judgment as to the negligent retention claim. Two grounds are asserted: first, that Plaintiff has failed to allege a physical injury as required by Virginia law; and second, that the negligent retention claim is derivative of a cause of action abrogated by the Virginia Human Rights Act, Va. Code Ann. § 2.1-714 *et seq.*, and therefore is barred by the act.

The first of these grounds is denied by this Court because it is premature. Issues of fact still exist as to whether Plaintiff suffered a physical harm as the result of negligent retention. For example, although Plaintiff admits in requests for admissions that there was no physical touching after her November 1996 complaint to the SPCA board, the Second Amended Motion for Judgment also states that Alexander's conduct toward her following his December 1996 reinstatement by the board caused her "pain, suffering,

inconvenience, mental anguish, monetary loss, humiliation, and emotional distress." Whether or not the pain and suffering was a physical harm has yet to be determined by discovery. This is a material fact which is genuinely in dispute. See Rule 3:18, Rules of the Supreme Court of Virginia. Once discovery is complete in this case, Defendants are free to bring a renewed Motion for Summary Judgment on this point if the record shows no physical harm resulting from the alleged negligent retention.

The SPCA's second ground for summary judgment is that the Virginia Human Rights Act trumps any suit under these circumstances for negligent retention. This is not so. Claims for negligent retention allege negligence on the part of the employer. The sexual harassment claim, which the SPCA contends was "converted" by Plaintiff into one for negligent retention, alleges discrimination based on the public policies set out in the Virginia Human Rights Act. These actions are fundamentally different from one another. As its name implies, negligent retention is a cause of action for negligence. It has not been abrogated by, and falls outside the aegis of, the Virginia Human Rights Act. Negligent retention of an unfit supervisor can be brought against an employer notwithstanding the fact that the underlying behavior of the supervisor constitutes a violation of the discriminatory practices outlawed by the Virginia Human Rights Act. Accordingly, summary judgment on this ground is denied.

## November 20, 2000

Defendant's request is for the Court to reconsider its earlier decision to overrule Defendant's demurrer and Summary Judgment Motion on Plaintiff's claim of negligent retention of an unfit supervisor. Plaintiff alleges that she complained to the board of directors concerning her supervisor's coercive behavior, sexual harassment, and a battery upon her person, but that they chose to ignore her complaint. She says that the oppressive behavior at the hands of her supervisor continued, causing her to suffer harm. The Court previously found Plaintiff's amended pleadings to be adequate, and it does so again.

### Negligent Retention

When appellate courts write opinions they seldom lay down black letter rules of law that reverberate through the ages. Instead they take a specific factual situation and apply the law as they find it. Their procedure requires a logical thought process to explain how they got from point A to point B, using

the law as their compass. Frequently this leads them into unexplored areas and causes them to find heretofore undiscovered rules of law, all logically connected to the fixed points of law with which they started. One of the difficulties with this method of problem solving is that superfluous facts, and the rhetoric used to bypass them, are frequently viewed as important. Also confusing is the question of whether the failure of other facts to be present is meaningful. All of these problems confronted the parties on the issues presented in this case, as their specific factual situation was not one upon which the Supreme Court had previously ruled.

In this case, the reliance upon superfluous *obiter dictum* and extraneous facts, or the lack thereof, has caused confusion. Plaintiff has alleged that a tort occurred from which she sustained injury. The Defendant has cited *Southeast Apartments Management, Inc. v. Jackman*, 257 Va. 256 (1999), and others, for the proposition that the tort of negligent retention cannot occur in Virginia when a fellow employee is the victim. This Court continues to hold that *Jackman*, and the other appellate cases argued, deal with the notice requirement of the tort of negligent retention. They do not affect the issue presented in this case. The arguments made by the Defendant deal with the unnecessary facts, or lack of such facts, and the *dicta* present in those cases.

Defendant also cites the circuit court case of *Fisher v. A. W. Temple, Inc.*, LL-870 (City of Richmond, August 4, 2000), in his contention that negligent retention claims can only be brought against third parties, no matter how egregious the facts may be. In doing so, the Defendant neglects to consider the rationale of *Berry v. Scott and Stringfellow*, 45 Va. Cir. 240 (1998), a case with facts similar to ours, the logic of which this Court adopts. Plaintiff claims that she was injured by the actions of her supervisor, after reasonable notice of his dangerous attitude and actions towards her was given to the board of directors. This constitutes a viable cause of action, and it is adequately pleaded. Defendant's demurrer is overruled.

## Physical Injury

Defendant also claims that, because Plaintiff did not suffer a physical injury after notice was given to the board of directors, that the tort of negligent retention cannot proceed. This is similar to the issue that confronted the Circuit Court for the County of Fairfax in *Courtney v. Ross Stores, Inc.*, 45 Va. Cir. 429 (1998). Following the logic of *Courtney*, the Court finds that physical injury is not one of the necessary elements of the tort of negligent retention of an unfit supervisor. Defendant's Motion for Summary Judgment is also denied.