# CIRCUIT COURT OF THE CITY OF ROANOKE

Anton G. Oelgoetz, Jr.

v.

Appalachian Appraisal
Services, Inc.,
Daniel Doss,
and Patricia Hendrix

July 17, 2000

Case No. CL99-315

BY JUDGE ROBERT P. DOHERTY, JR.

Upon Plaintiff's Amended Motion for Judgment claiming constructive discharge from his employment and intentional infliction of emotional distress, the Court again sustains Defendant's demurrer and special plea.

*Constructive Discharge*

The Plaintiff has alleged that he was wrongfully discharged from his employment, albeit constructively, because of sexual harassment. His claim is covered by the Virginia Human Rights Act, § 2.1-725, Code of Virginia (1950), as amended. He has an absolute right to make his claim through that Act and to receive complete compensation thereunder for his injuries. He has chosen not to do so. Instead, he has filed this lawsuit and is attempting to fit facts designed to be included in the remedies of the Virginia Human Rights Act into a multitude of common law torts. It is much like trying to fit a round peg into a square hole. If you push hard enough some slivers may fall through. In this case they do not.

The Court rejects the Defendant's reading of the opinions in *Flanary v. Roanoke Valley S.P.C.A.*, 48 Va. Cir. 249 (City of Roanoke 1999) (Doherty,

J.), and *Dowdy v. Bower*, 37 Va. Cir. 432 (City of Roanoke 1995) (Pattisall, J.), to mean that an employer must have some sort of specific intent to force an employee to leave their employment before a constructive discharge can occur. The language of those opinions are clear and unequivocal. The intent of the employer contemplated in a constructive discharge case is the intent to deliberately mistreat the employee in some intolerable manner.

In his Amended Motion for Judgment, the Plaintiff has alleged the exact same facts originally alleged except that he has added that Defendant Hendrix was also an officer of the Defendant company. He argues that this amended set of facts is sufficient to show that Defendant company condoned criminal acts by its employees and that it required him to submit to being a victim of a crime or crimes in order to continue his employment, conclusions with which the Court does not agree. The broad allegations that eight criminal statutes were violated by Defendant Hendrix, some of which are not capable of being violated but are merely definitional, and the even broader statement that the Plaintiff is in the class of people designed to be protected by these statutes are not specific enough for the Court to find that the Plaintiff's claim should be treated differently than anyone else's. Plaintiff's amended facts and argument do not bring him within the ambit of the narrow exception to the Virginia Human Rights Act as recently explained in *Mitchem v. Counts*, 259 Va. 179 (2000). Instead, it is an allegation that he was sexually harassed in the workplace by a fellow employee to the point that he was forced to quit his job. It is a claim under the Virginia Human Rights Act. Defendant's demurrer is sustained with prejudice.

### Intentional Infliction of Emotional Distress

The Court previously sustained with prejudice a demurrer to Plaintiff's allegation that intentional infliction of emotional distress was perpetrated upon him by Defendant company. Contrary to this ruling, in his Amended Motion for Judgment the Plaintiff has again alleged intentional infliction of emotional distress against Defendant company, only this time he has included an additional fact. The letter opinion of this Court dated February 15, 2000, and the subsequent order dated March 1, 2000, conclusively adjudicated the rights of the parties as to this issue, the same as if the matter had been completely

tried with final judgment rendered against the Plaintiff. The issue will not be relitigated. Defendant's plea of *res judicata* is sustained.