Margaret L. SUTPHIN, Plaintiff,

v.

UNITED AMERICAN INSURANCE, CO., Defendant.

No. Civ.A. 7:00CV00669.

United States District Court,
W.D. Virginia,
Roanoke Division.

Dec. 13, 2000.

Burton Lee Albert, Roanoke, VA, for Plaintiff.

Robert Barnes Delano, Jr., Sands, Anderson, Marks & Miller, Richmond, VA, for Defendant.

## MEMORANDUM OPINION

WILSON, Chief Judge.

Margaret L. Sutphin ("Sutphin") brings this action against United American Insurance Company ("United") alleging negligent retention of an employee who allegedly made inappropriate comments to her. Pursuant to this court's diversity jurisdiction, United removed the case from the Circuit Court for the County of Roanoke, Virginia. This matter is before the court on United's motion to dismiss pursuant to Rule 12(b)(6). *See* Fed.R.Civ.P. 12(b)(6). Finding that Sutphin has failed to state a claim for negligent retention, the court grants United's motion to dismiss.

### I.

Sutphin was an independent insurance agent engaged in the sale of insurance policies on behalf of United. Raymond E. Daniel ("Daniel") is a manager with United's branch office in Roanoke, Virginia. Sutphin alleges that, in November 1998, Daniel told her "that 'he needed to be locked up' in a hotel room for two weeks with a prostitute and inquired of [Sutphin] if she could 'help him out....'" (Mot. for J. ¶ 4.) Sutphin further alleges that, since Daniel's sexually harassing comments, Daniel has become increasingly hostile toward her and that his conduct has interfered with her work performance and created an intimidating and offensive work environment.

Finally, Sutphin points to a prior allegation of sexual harassment involving Daniel. In May 1997, Gracie Roberson ("Roberson"), another independent insurance agent, filed a complaint with United alleging sexual harassment by Daniel. Although United investigated Roberson's claim, no apparent action was taken against Daniel.

### II.

■ Virginia recognizes an independent tort of negligent retention. *See Southeast Apartments Management, Inc. v. Jack-*

*man*, 257 Va. 256, 513 S.E.2d 395, 397 (1999). According to the Supreme Court of Virginia, the "cause of action is based on the principle that an employer ... is subject to liability for harm resulting from the employer's negligence in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm [others]." *Id.* Here, United maintains that Sutphin has failed to allege that Daniel was dangerous, that he was likely to harm others, or that United knew or should have known of any such dangerous propensities. In addition, United contends that, to sustain a claim for negligent retention, the plaintiff must allege the existence of physical harm or injury.

■ Although Virginia courts have never directly addressed whether a negligent retention claim requires physical harm or injury, the case law requires that, at the very least, the employee's conduct must give rise to an underlying wrong that is actionable in its own right. *See Jackman*, 513 S.E.2d at 397 (involving an employee who sexually assaulted a tenant); *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 368 S.E.2d 268, 279 (1988) (imposing liability for negligent retention of a hazardous waste disposal firm as an independent contractor despite incidents that demonstrated the firm's incompetence and negligence in dealing with dangerous chemicals). An employer cannot be liable for negligent retention unless the employer's employee has committed a cognizable wrong against the plaintiff.

■ Here, Sutphin admits that Daniel never physically touched or assaulted her.

Instead, Daniel made comments that Sutphin found offensive and unprofessional. Sutphin maintains that Daniel's conduct subjected her to sexual harassment, interfered with her work performance, and created an intimidating and offensive work environment. However, sexual harassment, in and of itself, is not a separate cause of action in Virginia.[1] In addition, Daniel's conduct is not subject to remedial action under Title VII of the Civil Rights Act of 1964 because, although it protects workers who are "employees," it does not protect independent contractors. *See* 42 U.S.C. § 2000e(f); *see also Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 259 (4th Cir.1997); *Wilde v. County of Kandiyohi*, 15 F.3d 103, 104 (8th Cir.1994). In effect, Sutphin seeks to hold United liable for Daniel's actions despite the fact that those actions are not actionable in their own right.

In support of his position, Sutphin relies on *Call v. Shaw Jewelers, Inc.*, No. 3:98CV449, 1999 U.S.Dist. LEXIS 636 (W.D.Va. Jan. 7, 1999), *aff'd*, 2000 WL 429710 (4th Cir. Apr.21, 2000), which involved a negligent retention claim stemming from sexual harassment by an employee. *Id.* at *5. However, in *Call*, the employee's conduct was subject to remedial action under Title VII.[2] Here, as stated, Daniel's conduct is not subject to remedial action under Title VII because Sutphin was an independent contractor for United rather than an employee. Thus, unlike the employee's conduct in *Call*, Daniel's conduct, although inappropriate and boorish, fails to give rise to an underlying wrong that is actionable in its own right under Virginia or federal law.[3]

---

1. However, types of conduct that constitute sexual harassment may be actionable because they fall within traditional theories of tort liability, such as assault and battery.

2. In *Call*, the plaintiff brought a Title VII claim as well as a negligent retention claim.

The district court exercised supplemental jurisdiction over the plaintiff's negligent retention claim.

3. The court does not imply that an underlying wrong that is actionable only under federal law can support a state law negligent reten-

In short, Sutphin seeks an unbridled expansion of the law under the guise of negligent retention to impose liability despite the absence of a tort. That is a job for the legislature, not the courts.

## III.

The court finds that Sutphin has failed to state a claim for negligent retention. Consequently, the court grants United's motion to dismiss. An appropriate order will be entered this day.

## FINAL ORDER

In accordance with the court's Memorandum Opinion entered this day, it is **ORDERED** and **ADJUDGED** that United American Insurance, Co.'s motion to dismiss is **GRANTED**. It is further **ORDERED** that this action be stricken from the docket of the court.

tion claim. That issue is not before the court and, thus, is not addressed.