## CIRCUIT COURT OF HENRY COUNTY

Investors Title Ins. Co.

v.

Jimmie Ray Lawson,
Terrance Gray,
and Southern Mortgage
Services, Inc.

August 5, 2005

Case No. CL05000085-00

BY JUDGE G. CARTER GREER

In count four of the motion for judgment, Investors Title Insurance Company (Investors Title) asserts a claim for negligent retention, based upon the allegation that Defendant Southern Mortgage Services, Inc. (Southern Mortgage) "knew or should have known of [its employee's] fraudulent activities as its employee," and that Southern Mortgage "knew or should have known that [its employee] was likely to harm Investors Title as a result of his fraudulent activities." Para. 77 of Motion for Judgment. Southern Mortgage has filed a demurrer, arguing that the claim is defective on the ground that there is no allegation of physical injury. Investors Title counters that, in a claim for negligent retention, there is no requirement of physical injury.

The tort of negligent retention, which the Supreme Court recognized in *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 368 S.E.2d 268 (1988), is similar though distinct from the tort of negligent hiring, which the Supreme Court recognized in *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 372 S.E.2d 391 (1988). The cause of action for negligent retention "is based on the principle that an employer . . . is subject to liability for harm resulting from the employer's negligence in retaining *a dangerous employee who the employer knew or should have known was*

*dangerous and likely to harm*" others. *Southeast Apartments Management, Inc. v. Jackman*, 257 Va. 256, 260-61, 513 S.E.2d 395 (1999) (emphasis added). The cause of action for negligent hiring "is based on the principle that one who conducts an activity through employees is subject to liability for harm resulting from the employer's conduct if the employer is negligent in the hiring of an improper person in work involving *an unreasonable risk of harm to others.*" *Id.* at 260 (emphasis added).

Although the Supreme Court has never ruled on this issue, there are two federal district court decisions directly on point. In *Sutphin v. United American Ins. Co.*, 154 F. Supp. 2d 907 (W.D. Va. 2001), Judge Wilson held that a claim for negligent retention "requires that, at the very least, the employee's conduct must give rise to an underlying wrong that is actionable in its own right." *Id.* at 908. The plaintiff in *Sutphin* alleged that her supervisor had sexually harassed her, but, since the plaintiff admitted that the supervisor had not touched her, the court dismissed the case. *See also Parker v. Geneva Enterprises, Inc.*, 997 F. Supp. 706 (E.D. Va. 1997) (dismissing negligent hiring case because plaintiff suffered no physical injury and stating in footnote that same rationale would apply to negligent retention case).

There are also two state circuit court decisions taking the opposite view. In *Courtney v. Ross Stores, Inc.*, 45 Va. Cir. 429 (1998), Judge MacKay, tracing the history of both causes of action, concluded that physical injury is not an element of negligent hiring or negligent retention. *Accord, Flannery v. Roanoke Valley Society*, 53 Va. Cir. 134, 135 (2000) ("physical injury is not one of the necessary elements of the tort of negligent retention of an unfit supervisor").

Acknowledging my learned colleagues on the circuit bench, this court, nevertheless, finds that, in order to maintain a cause of action for negligent retention, there must be an allegation and proof of physical injury. As Judge Hilton points out in *Parker, supra*, the Supreme Court has determined that "an unreasonable risk of harm . . . requires the threat of serious and significant physical injury." *Id.* at 713 (internal quotes omitted), citing *Davis v. Merrill*, 133 Va. 69, 112 S.E. 628 (1922). Moreover, the Supreme Court's use of the language "dangerous employee . . . likely to harm" others in *Southeast Apartments, supra*, convinces this court that physical injury is a necessary element of negligent retention.

The court sustains the demurrer.