# CIRCUIT COURT OF FAUQUIER COUNTY

N.G.,
a minor,
by her next friend, D.G.

v.

Charles William Schefer

November 8, 2006

Case No. (Law) CL05-404

BY JUDGE JEFFREY W. PARKER

This matter comes before the Court upon the Defendant's Motion for Summary Judgment to Count II of the pleading. The Motion for Judgment contains three Counts. Relevant to the issue before the Court, is Count I which seeks damages for assault and battery and Count II which claims damages for aggravated sexual assault and battery against the Defendant arising from the same incident. As set forth in the pleadings, the Defendant was convicted criminally of aggravated sexual battery as the result of a guilty plea given approximately one year prior to the filing of the subject lawsuit.

The Plaintiff sets forth one prayer for relief and, of course, is only entitled to one recovery. However, the Plaintiff sets forth her claim in separate counts (as identified above), patterned after the criminal statutes which separately make assault and battery and aggravated assault and battery separate offenses.

The Plaintiff, who was nine years old at the time of the alleged events, claims that Virginia courts have treated sexual assault and battery as an independent cause of action and that the egregious nature of the tort compels recognition of this cause of action when appropriately alleged in a pleading.

The Defendant asserts that, to the contrary, Virginia courts have not recognized aggravated sexual assault and battery as a separate tort and there is

no direct authority that elevates or distinguishes sexual assault and battery from the recognized tort claim of battery.

## Discussion

Upon its review, this Court could not locate any Virginia state appellate authority that expressly recognizes aggravated sexual assault and battery as a separate tort. Notwithstanding that, however, Virginia federal district and state circuit courts have dealt with this issue to some extent. Judge Wetzel of the Circuit Court for the City of Winchester subsumed separate counts of assault and battery and sexual assault and battery. *Fox v. Rich Prods. Corp.*, 34 Va. Cir. 403 (1994). In a subsequent decision, the trial court in *Flanary v. Roanoke Valley Society ASPCA*, 48 Va. Cir. 249 (1999), dealt in greater depth with this question and concluded that, as no authorities had been presented to the court identifying such separate causes of action, that the causes of action should be combined as one. *Id.* at 250.

In contrast, more recent trial court decisions have suggested a different result. In *Kidwell v. Sheetz, Inc.*, 982 F. Supp. 1177 (W.D. Va. 1997), the Court criticizing *Fox*, held that a cause of action for sexual assault and battery did, in fact, exist. 982 F. Supp. at 1185. Some Virginia circuit court opinions have referenced sexual assault and battery (as an independent tort claim) without comment, while addressing other issues in the case. See *West v. Harleysville Mutual Ins. Co.*, 46 Va. Cir. 99 (Richmond, 1998); *Johnson v. Behsudi*, 52 Va. Cir. 533 (Fairfax, 1997); *Ackerman v. Ackerman*, 42 Va. Cir. 103 (1997). Additionally, state appellate decisions have identified sexual battery actions without discussing its existence as a stand alone tort action. See *Grimes v. Suzukawa*, 262 Va. 330 (2001); *Mahony v. Becker*, 246 Va. 209 (1993); *Starnes v. Cayouette*, 244 Va. 202 (1992). Thus, it would appear that sexual assault and battery as a cause of action has a growing recognition at several jurisdictional levels.

The Defendant in the case at bar argues that the uncertainty of sexual assault as a stand alone tort is sufficient to require this Court to sustain summary judgment. This Court will do no such thing. This Court believes for the reasons set forth herein that sexual assault and battery is a recognizable cause of action and that Count II should be permitted to proceed.

Tort actions arise out of the common law and the common law continues in force in Virginia except as altered by statute. *Commonwealth v. Holland*, 211 Va. 530 (1971). Common law, of course, originated in England and was the law of Colonial Virginia prior to the American Revolution. The Virginia Convention adopted English common law during the American

Revolution subsequent to the Declaration of Independence. See generally *Foster v. Commonwealth*, 96 Va. 306 (1898). Blackstone in his *Commentaries* stated that "it is a settled and invariable principle in the laws of England that every right withheld must have a remedy and every injury its proper redress." William Blackstone, *Commentaries on the Law of England*, vol. 3, chap. 7, p. 109 (1768).

Our Supreme Court has recognized that the common law must be flexible and adaptive to provide individuals that have been wronged with the right of recovery. In *Midkiff v. Midkiff*, 201 Va. 829 (1960), the trial court had held that a minor infant could not maintain an action against his infant brother to recover damages for personal injuries resulting from the brother's negligence, reasoning that such an action had not been previously permitted under common law (although it cited no authority to support that position). The Supreme Court in reversing stated that simply because no such action could be identified at common law did not require the court to conclude that no such rights could not now exist.

> The common law does not consist of definite rules which are absolute, fixed, and immutable like the statute law, but it is a flexible body of principles which are designed to meet, and are susceptible of adaptation to, new institutions, conditions, usages, and practices, as the progress of society may require. . . .

201 Va. at 832.

Justice Oliver Wendell Holmes in his lectures stated, "the general purpose of the law of torts is to secure a man indemnity against certain forms of harm to a person, reputation, or estate, at the hands of his neighbors, not because they are wrong, but because they are harms." Oliver Wendell Holmes, *The Common Law and Other Writings*, 144 (1881).

While it is apparent that the allegations of Count II would not only be morally wrong, it is also clear from the nature of the claim that the Plaintiff asserts she was harmed by those actions. The statute of aggravated sexual battery was first enacted in 1981 and has been amended three times since then, even as recently as 2005. Similarly, Article 7 of Title 18.2, dealing with criminal sexual assault in the Virginia Code, has grown over the years to contain an increasingly detailed set of offenses which all constitute separate crimes.

It is evident that the Virginia General Assembly views this kind of behavior with decreased tolerance, as has society as a whole. This Court would further observe that § 8.01-249(6) of the Code of Virginia dealing with

limitations of actions separately identifies sexual abuse during infancy setting forth a time from which the statute of repose should be calculated. This Subsection was first added to § 8.01-249 in 1996. Such a Subsection would hardly be necessary if, in fact, a civil cause of action for sexual abuse did not exist.

All of these considerations, considered as a whole, reinforce the conclusion drawn by this Court that the evolution of common law supports a recognition of an independent cause of action for aggravated sexual battery. Every tort action depends upon the proof of four elements: the existence of a legal duty, the breach of that duty, damage to the plaintiff, and a cause or relationship between the breach and the damage. Costello, *Virginia Remedies*, 3rd Ed., § 17.01. Clearly, Count II contains these elements and for the reasons set forth above, the Motion for Summary Judgment will be denied.