**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-1024**

---

MISTY PETROSKY ELROD; JANE DOE #1, an infant then the age
of eleven years, by Shannon Middleton, her mother and next
friend; JANE DOE #2, an infant then the age of eleven
years, by Naissa Araujo, her mother and next friend,

        Plaintiffs - Appellants,

    v.

BUSCH ENTERTAINMENT CORPORATION, d/b/a Water County USA;
SANDEEP DEEPAK AGARWAL,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Rebecca Beach Smith,
Chief District Judge.  (4:09-cv-00164-RBS-FBS)

---

Submitted:  June 19, 2012        Decided:  June 27, 2012

---

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Kevin P. Shea, Christina E. James, KEVIN P. SHEA & ASSOCIATES,
Hampton, Virginia, for Appellants. David C. Bowen, Aminah M.
Collick, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for
Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Misty Petrosky Elrod, Jane Doe #1, and Jane Doe #2 appeal the district court's order sustaining objections to the magistrate judge's report and denying Appellants leave to amend their complaint to include a claim of negligent retention. The district court denied the amendment as futile, finding that a claim of negligent retention does not support recovery for emotional harm absent a showing of contemporaneous physical injury. On appeal, Appellants argue that their proposed amendment was not futile, as the tort of negligent retention does not require a showing of physical injury. We affirm.

A trial court is permitted to deny leave to amend a complaint if the proposed amendment would be futile. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). An amendment would be futile if the complaint, as amended, would not withstand a motion to dismiss. Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011), cert. denied, 132 S. Ct. 115 (2011). We review a district court's denial of leave to amend a complaint for abuse of discretion. Laber, 438 F.3d at 428; see L.J. v. Wilbon, 633 F.3d 297, 304 (4th Cir.) (discussing standard of review), cert. denied, 132 S. Ct. 757 (2011).

Virginia law case law generally recognizes that a plaintiff may not recover for emotional injury resulting from

2

the defendant's negligence without proof of contemporaneous physical injury. See Myseros v. Sissler, 387 S.E.2d 463, 466 (Va. 1990); Hughes v. Moore, 197 S.E.2d 214, 219 (Va. 1973); Bowles v. May, 166 S.E. 550, 555 (Va. 1932). The Virginia Supreme Court has not specified whether this rule applies to claims of negligent retention, and lower courts have reached differing results on this issue. Compare, e.g., Thompson v. Town of Front Royal, 117 F. Supp. 2d 522, 531-32 (W.D. Va. 2000) (finding claim not asserting physical injury sufficient), with Investors Title Ins. Co. v. Lawson, 68 Va. Cir. 337, at *1-2 (2005) (finding Virginia Supreme Court would more likely hold that physical harm is required for negligent retention). The Virginia appellate courts have not clearly limited the Hughes physical injury requirement to any particular class of negligent conduct, instead construing the rule in broad terms. See Hughes, 197 S.E.2d at 219; Bowles, 166 S.E. at 555. Thus, in the absence of clear case law providing for extended recovery in negligent retention claims, we conclude that the district court did not abuse its discretion in finding the proposed amendment to be futile.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED