## Richmond

THE CITY OF NEWPORT NEWS v. ETHEL ANDERSON.

April 23, 1976.

Record No. 750551.

Present, All the Justices.

*Robert M. Roylance, Assistant City Attorney*, for plaintiff in error.

*David N. Montague (Montague and Montague*, on brief), for defendant in error.

Per Curiam.

Ethel Anderson (Mrs. Anderson or plaintiff) instituted this action against the City of Newport News (City) alleging that she was injured by the City's negligence in failing to adequately maintain its sidewalks free from hazardous defects. A jury in the trial court found in favor of Mrs. Anderson and awarded her damages of $5,000. We granted a writ of error to the trial court's final order awarding judgment on this verdict.

The crucial question here is whether there was sufficient evidence of the City's negligence to create a jury issue or, stated differently, whether the trial court should have sustained the City's motions to strike the plaintiff's evidence and enter summary judgment for the City.

Mrs. Anderson was injured while walking in a westerly direction along a sidewalk on 30th Street in Newport News on the afternoon of December 2, 1970. She fell when she caught the heel of her shoe in a hole or depression in the sidewalk. While the weather that day was overcast, the sidewalk was dry and otherwise free of defects or loose material. Mrs. Anderson was carrying only her pocketbook or handbag.

Mrs. Anderson notified the police of her accident later that afternoon. The police investigation disclosed a depression in the sidewalk on 30th Street, measuring four inches in diameter and one-half inch deep at its deepest point. The police notified the Department of Public Works, which subsequently dispatched one of its engineers to investigate. He discovered a chip or depression in the sidewalk, located at an expansion joint, which measured three inches long, four inches wide and one inch deep at the deepest point. All of the witnesses who viewed the defect stated that it did not appear to be recent, but that there was no means of accurately determining its age.

Mrs. Anderson testified that she had walked over this section of sidewalk on numerous occasions prior to her fall and had never observed the hole or depression in which she caught her heel. Plaintiff's witness, Joseph P. Walker, who resided in the next block, testified that he had traveled this section of sidewalk on may occasions for about 12 years prior to plaintiff's accident and had not theretofore observed the defect which the plaintiff pointed out to him after her fall.

A municipality is charged with the duty of maintaining its sidewalks in a safe condition, free from defects and obstructions dangerous to pedestrians exercising ordinary care. *City of Richmond* v. *Courtney*, 32 Gratt. (73 Va.) 792, 798 (1880); *City of Staunton* v. *Kerr*, 160 Va. 420, 426, 168 S. E. 326, 328 (1933); *Buck* v. *City of Danville*, 177 Va. 582, 585, 15 S. E. 2d 31, 32 (1941). A municipality is not, however, an insurer against all accidents which may occur on its sidewalks. *City of Richmond* v. *Courtney, supra*, 32 Gratt. (73 Va.) at 798; *City of Richmond* v. *Rose*, 127 Va. 772, 780, 102 S. E. 561, 564 (1920); *City of Roanoke* v. *Sutherland*, 159 Va. 749, 753, 167 S. E. 243, 244 (1933); *City of Staunton* v. *Kerr, supra*, 160 Va. at 426, 168 S. E. at 328; *West* v. *City of Portsmouth*, 196 Va. 510, 513, 84 S. E. 2d 503, 505 (1954). A municipality need only maintain its sidewalks in a reasonably safe condition for travel in the ordinary modes. It is not expected, nor is it required, to keep the

surface of its sidewalks perfectly level and even. *City of Richmond v. Courtney, supra,* 32 Gratt. (73 Va.) at 798.

Not every defect in a sidewalk, even though it may have caused the injury sued for, is actionable. *City of Richmond v. Courtney, supra,* 32 Gratt. (73 Va.) at 798; *City of Richmond v. Rose, supra,* 127 Va. at 780, 102 S. E. at 564. When the defect is so slight that reasonable men could not differ in concluding that it would not endanger travel in the ordinary modes by persons exercising ordinary care, the municipality is free of negligence as a matter of law and a trial court may not sustain a verdict holding the municipality liable. *City of Richmond v. Rose, supra,* 127 Va. at 782, 102 S. E. at 565; *City of Roanoke v. Sutherland, supra,* 159 Va. at 758, 167 S. E. at 246.

Even when viewed in the light most favorable to the plaintiff, the evidence here discloses nothing more than a defect so slight that it would not endanger travel in the ordinary modes by a person exercising reasonable care for his own safety. We hold, therefore, that the trial court erred in failing to sustain the City's motion to strike the plaintiff's evidence and to enter summary judgment for the City.

*Reversed and final judgment.*