ALBERTA S. TURNER

v.

KENNETH E. LOTTS, SR., ET AL.

Record No. 920189

November 6, 1992

Present: All the Justices

Thomas N. Key (Neil E. McNally; Key & Tatel, on brief), for appellant.

Frank K. Friedman (Michael A. Cleary; Thomas H. Miller; Woods, Rogers & Hazlegrove; Gentry, Locke, Rakes & Moore, on brief), for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

In this action, based upon the doctrine of negligent entrustment, we consider whether the trial court erred by granting summary judgment in favor of the defendants.

Plaintiff, Alberta S. Turner, filed a motion for judgment against Kenneth E. Lotts, Sr., Ann M. Lotts, and their son, Kenneth E. Lotts, Jr. She sought to recover damages for injuries arising out of a motor vehicle accident which occurred on State Route 122 in Bedford County on December 29, 1988.

Turner alleged, in Count II of her motion for judgment, that Mr. and Mrs. Lotts negligently entrusted their 1980 Chevrolet pickup truck to Kenneth E. Lotts, Jr. She stated:

8. That the Defendant, KENNETH E. LOTTS, SR., and the Defendant, ANN M. LOTTS knew, or should have known, that KENNETH E. LOTTS, JR., was a negligent driver and that the Defendant, KENNETH E. LOTTS, SR., and the Defendant, ANN M. LOTTS, carelessly, negligently, and recklessly entrusted, allowed, and or permitted KENNETH E. LOTTS, JR., to operate a 1980 Chevrolet Pickup motor vehicle on the 29th day of December, 1988.

. . . .

10. That all the said injuries and damages to the undersigned Plaintiff, ALBERTA S. TURNER as above set out were directly and proximately caused by, and were the proximate result of the negligence, carelessness and illegal conduct of the Defendants, KENNETH E. LOTTS, SR. and ANN M. LOTTS and Defendant, KENNETH E. LOTTS, Jr.

Mr. and Mrs. Lotts filed grounds of defense and denied liability. The litigants conducted discovery. Mr. and Mrs. Lotts propounded an interrogatory to Turner requesting that she state all facts that support her claim of negligent entrustment. Turner filed the following response that was made a part of the record:

Mr. and Mrs. Lotts knew that their son was a reckless and negligent driver as he had received three tickets for driving infractions and had been involved in at least two wrecks, causing Mr. and Mrs. Lotts to set up a different insurance policy for the motor vehicle being driven by their son to avoid having to pay increased insurance premiums due to the bad driving habits and/or abilities of their son. However, in spite of their actual knowledge of their son's driving practice and abilities, they continued to entrust their car to an unfit driver who would be likely to cause injury to others.

Subsequently, Mr. and Mrs. Lotts filed a motion for summary judgment. They argued that the facts relied upon by Turner in her answer to the aforementioned interrogatory do not support a claim for negligent entrustment. The trial court granted the motion. We awarded Turner an appeal.

■ Turner argues that the trial court erred in granting the motion for summary judgment because summary judgment is a drastic remedy and the issue "whether the defendants negligently entrusted their vehicle to Kenneth, Jr. is a question of fact to be decided by the jury." Mr. and Mrs. Lotts assert, however, that the trial court properly granted their motion because the facts upon which Turner relied are insufficient as a matter of law to support a claim of negligent entrustment of a motor vehicle.

As Turner correctly observes, the decision to grant a motion for summary judgment is a drastic remedy which is available only where there are no material facts genuinely in dispute. However,

Rule 3:18, which provides for summary judgment, achieves a salutary purpose when used appropriately.*

> [Rule 3:18] was adopted to provide trial courts with authority to bring litigation to an end at an early stage, when it clearly appears that one of the parties is entitled to judgment within the framework of the case as made out by the pleadings. . . . Its purpose is to expedite litigation with as few technicalities as possible and thus avoid common law procedural tactics interposed for delay, but it does not substitute a new method of trial where an issue of fact exists.

*Leslie* v. *Nitz*, 212 Va. 480, 481, 184 S.E.2d 755, 756 (1971) (quoting *Carwile* v. *Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588, 590 (1954)).

■ We hold that within the framework of the record before this Court, Mr. and Mrs. Lotts were entitled to summary judgment. There is no material fact genuinely in dispute. Facts stated in Turner's motion for judgment and in her answers to interrogatories clearly demonstrate that she has no cause of action against the Lotts based upon the doctrine of negligent entrustment.

■ A plaintiff who invokes that doctrine must present evidence which creates a factual issue whether " '[t]he owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause injury to others.' " *Denby* v. *Davis*, 212 Va. 836, 838, 188 S.E.2d 226, 229 (1972) (citation omitted). Furthermore, in order to impose liability upon the owner, the plaintiff must prove that the negligent entrustment of the motor vehicle to the tortfeasor was a proximate cause of the accident. *Id.* at 839, 188 S.E.2d at 229; *Hack* v. *Nester*, 241 Va. 499, 503-04, 404 S.E.2d 42, 43, *rev'd in part upon reh'g*, 241 Va. 499, 508-09, 404 S.E.2d 42, 46-47 (1991).

---

* Rule 3:18 states, in relevant part:

Either party may make a motion for summary judgment at any time after the parties are at issue. If it appears from the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings, or, upon sustaining a motion to strike the evidence, that the moving party is entitled to judgment, the court shall enter judgment in his favor. Summary judgment, interlocutory in nature, may be entered as to the undisputed portion of a contested claim or on the issue of liability alone although there is a genuine issue as to the amount of damages. Summary judgment shall not be entered if any material fact is genuinely in dispute.

■ The gist of Turner's claim of negligent entrustment against Mr. and Mrs. Lotts is that they knew that their son had received three tickets for driving infractions and had been involved in two accidents "to the point where [the Lotts] set up a different insurance policy for the motor vehicle being driven by their son." These facts, as a matter of law, are not sufficient to permit Turner to proceed to a trial on the merits.

We have permitted a plaintiff injured in an automobile accident to recover under a theory of negligent entrustment in limited instances. For example, in *Denby* v. *Davis*, the owner of the motor vehicle entrusted his car to a driver who suffered from a nystagmus, a congenital defect in the eye muscles. This disability affected the driver's ability to drive and disqualified him from obtaining a driver's license. 212 Va. at 837-38, 188 S.E.2d at 228. We held there was sufficient evidence from which the jury could find that the owner negligently entrusted his car to an unfit driver.

In *Crowell* v. *Duncan*, 145 Va. 489, 134 S.E. 576 (1926), we approved a jury verdict against a defendant who had entrusted a car to his son, knowing that his son had a reputation for drinking alcohol and that his son's driver's license had been revoked because of alcohol abuse. *Id.* at 510, 134 S.E. at 582. In *Hack*, we held that a jury could find that the owner of a motor vehicle was negligent in entrusting a car to a driver when the owner knew or should have known that the car had a defective headlight. 241 Va. at 509, 404 S.E.2d at 46.

■ Here, however, there is no allegation that Kenneth Lotts, Jr., was physically or mentally impaired, that he was under the influence of alcohol, or that the car was defective. Additionally, there is no allegation that Kenneth's license was restricted, suspended, or revoked. Just as important, there is no allegation that Kenneth's conduct in prior accidents was negligent or that his accident with Turner was a proximate cause of similar negligence. Furthermore, the fact that Mr. and Mrs. Lotts have a separate insurance policy for the pickup truck is neither probative nor relevant to the issue of whether they negligently entrusted the truck to their son. *See Bradshaw* v. *Minter*, 206 Va. 450, 456, 143 S.E.2d 827, 831 (1965). As the trial court observed:

[T]he extension of plaintiffs' claim here would be that no licensed child driver with a traffic record could ever operate his parents' cars without subjecting them to potential liability.

We hold that the trial court did not err by granting the motion for summary judgment. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*