# CIRCUIT COURT OF LOUDOUN COUNTY

Martha R. Gochin

v.

Wal-Mart Stores

### February 5, 1999

### Case No. (Law) 20941

BY JUDGE THOMAS D. HORNE

Plaintiff claims damages resulting from defendant's negligent maintenance of a sidewalk. She allegedly fell from contact with an uneven surface at an expansion joint. It is agreed that the uneven expansion joint which caused the plaintiff's fall was no more than one and a half inches in height.

Defendant had a duty to maintain the pavement in a reasonably safe condition for pedestrian travel. *City of Newport News v. Anderson,* 216 Va. 791 (1976). This duty is the same as that owed by a municipal corporation. *Medical Center Hospital v. Sharpless,* 229 Va. 496 (1985). Defendant is not an insurer against accidents occurring on its sidewalk. *Anderson, supra.*

Like a municipality, defendant's duty is:

> to maintain its sidewalks in a reasonably safe condition for travel in the ordinary modes. It is not expected, nor is it required, to keep the surface of its sidewalks perfectly level or even.

*Medical Center Hospital, supra,* at 499 (authority omitted).

The law does not require that the sidewalk be maintained in a perfectly level condition. It is sufficient if they are kept reasonably safe for travel by night and day. *Roanoke v. Sutherland,* 159 Va. 749 (1933).

While the Court is to be mindful of its responsibility to act prudently in ruling upon a motion for summary judgment, so too must it avoid unnecessary cost and the expenditure of resources where the law commands a certain result.

Based upon the uncontroverted evidence as to the nature of the separation of sidewalk sections in this case, the Court concludes that the defendant was not liable in damages for plaintiff's injuries sustained as a result of the defect in the sidewalk. *City of Suffolk v. Carter*, 251 Va. 1 (1996). The rise in the joint measured between ½ inch and 1½ inches in height and three to four feet in width. It was but a slight defect and not one for which the defendant can be held liable in damages.

Mr. Gallagher may draw a Final Order granting the Motion for Summary Judgment to which Mr. Davis may note his exception.