Justine GOFF, et al., Plaintiffs,

v.

Shaun R. JONES & Earl T. Jones, Defendants.

No. Civ.A. 98–1558–A.

United States District Court, E.D. Virginia, Alexandria Division.

April 28, 1999.

Andrew McGuire, Samuel Bogash, Washington, D.C., for plaintiff.

David L. Marks, Brandt, Jennings, Roberts, Davis & Snee, PLLC, Falls Church, VA, for defendants.

## MEMORANDUM OPINION AND ORDER

LEE, District Judge.

THIS MATTER is before the Court on Defendants' Motion to Dismiss. The issues presented are: (1) whether the Court should dismiss the complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a) where Plaintiffs pray for $500,-000 each in damages but actual damages to date are just over $10,000; (2) whether the Court should dismiss the complaint for failure to state a claim upon which relief can be granted for negligent infliction of emotional distress where Plaintiff Carsten Goff's physical injuries are a result of fright and shock rather than a result of the accident itself; and (3) whether the Court should dismiss the complaint for failure to state a claim for negligent entrustment of a motor vehicle where there is no causal connection between the defendant driver's suspended driving privileges and the accident. For the reasons stated below, the Court grants in part the motion to dismiss and holds that Plaintiffs have failed to state a claim for negligent infliction of emotional distress and negligent entrustment of a motor vehicle. Count I of the complaint, which is a claim for negligence, will stand.[1]

---

1. The Court notes that in the original complaint Plaintiffs Mr. and Mrs. Goff asserted claims for loss of consortium. As Plaintiffs note in their opposition to this motion to dismiss, the loss of consortium claim has been omitted from the First Amended Complaint, which was filed after Defendants filed their motion to dismiss. Thus, there is no claim for loss of consortium and the Court need not address Defendants' argument that there is no recovery for loss of consortium in Virginia. The Court does note, however, that as Defendants point out in their motion to dismiss and Plaintiffs acknowledge in their opposition to the motion, loss of consortium is not recoverable in the Commonwealth of Virginia under *Carey v. Foster*, 345 F.2d 772 (4th Cir.1965).

## I. Background

On or about August 29, 1997, at the intersection of Route 1 and Route 235, Plaintiff Justine Goff and her daughter, Kyle Goff, were involved in a car accident with Defendant Shaun Jones. At the time of the accident, which Mr. Jones caused, he was driving his father's car, a 1997 Nissan Sentra. Shaun Jones' driving privileges had been suspended in the Commonwealth of Virginia. Just moments after the accident occurred, emergency medical and police personnel arrived on the scene. Coincidentally, soon after that, Mr. Goff drove up to the intersection and saw that his wife and daughter had been involved in the accident. This lawsuit followed.

Plaintiffs commenced suit against the defendant driver, Shaun Jones, and his father, Earl Jones, the owner of the car driven by Shaun Jones when the accident occurred. Count I of the complaint alleges negligence on behalf of Mrs. Goff and her daughter against the driver. Count II alleges negligent infliction of emotional distress on behalf of Mr. Goff, the husband and father, against the driver. Count III alleges negligent entrustment of a motor vehicle on behalf of all three plaintiffs against Defendant Earl Jones, the owner of the vehicle.

Plaintiffs are each seeking distinct damages from their respective causes of action. Mrs. Goff is claiming permanent disability, medical bills, and lost wages. Mr. Goff is claiming that the emotional distress he sustained as a result of seeing his wife's mangled car towed caused prolonged physical and mental disturbances, including lack of sleep, nervousness, anxiety, anger, resentment, stomach pain, headaches, and inability to focus on work. Mr. Goff also seeks medical bills and lost wages. The minor child, Kyle Goff, seeks medical bills and future bills that will be incurred in an effort to be cured of injuries sustained in the accident.

## II. Motion to Dismiss Standard

In deciding whether to grant a motion to dismiss pursuant to rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept as true the factual allegations in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The Court should grant the motion only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. Subject Matter Jurisdiction

Defendants argue that this Court should dismiss the case outright for lack of jurisdiction because despite the diversity of the parties, the amount in controversy is plainly less than the required $75,000, exclusive of interests and costs. *See Wiggins v. North American Equitable Life Assurance Co.*, 644 F.2d 1014, 1016–18 (4th Cir.1981). Plaintiffs contend that the Court has subject matter jurisdiction because each plaintiff seeks monetary damages in excess of $75,000; in fact, each plaintiff prays for $500,000.

■ The Court holds that this is not a proper ground for dismissal of Plaintiffs' complaint. From the face of the complaint, it is apparent that the $75,000 jurisdictional requirement set forth in 28 U.S.C. § 1332(a) has been satisfied. Defendants ask the Court to go beyond the four corners of the complaint and conduct a more searching inquiry into the Goff family's damages. Plaintiffs concede that their actual damages to date do not exceed $75,000,[2] but they argue that they are not required to spell out the exact amount of damages. Rather, Federal Rule of Civil Procedure 8(a) simply requires a short and plain statement of the grounds upon which the court's jurisdiction depends, the claim

---

**2.** As a result of the accident, the Goffs sustained an estimated $5,240 in property damage. The family's medical bills to date are in excess of $5,000.

showing entitlement to relief, and a demand for judgment.

On this ground, Defendants' motion to dismiss is denied. There is no requirement that the actual damages amount to over $75,000, exclusive of interest and costs, at this time. Plaintiffs must plead a loss of more than $75,000. According to Plaintiffs, Mrs. Goff fractured her left wrist and it has prevented her from fully performing at her job and from being able to handle her "rambunctious" two-year old daughter. Mr. Goff lost significant time at work attending to his injured wife and daughter. Both he and Mrs. Goff have sought psychological counseling to address emotional distress issues. Thus, the total damages may later exceed $75,000. Because the Court must accept as true the factual allegations in the complaint, the Court holds that Plaintiffs have sufficiently pled an amount in controversy that satisfies the requirements of 28 U.S.C. § 1332(a) for purposes of this motion to dismiss.

### IV. Negligent Infliction of Emotional Distress

Plaintiff Mr. Goff claims he suffered emotional injuries as a result of driving up to the scene of a car accident and observing his wife and daughter's injuries.

Defendants assert that Plaintiff Mr. Goff may not recover for negligent infliction of emotional distress because he did not suffer a legally cognizable injury. Defendants contend that in *Hughes v. Moore*, 214 Va. 27, 197 S.E.2d 214 (1973), the Virginia Supreme Court decided that there can be no recovery for emotional disturbance alone where conduct is merely negligent, rather than willful, wanton or vindictive, and there is no physical impact. Defendants argue that *Hughes* held that where there is a claim for emotional distress *and* physical injury, there can be no recovery if the injured party shows that the physical injury was the result of fright or shock caused by the defendant's negligence. *Id.* at 219. Defendants argue that

Mr. Goff's claim is barred by the *Hughes* case.

Plaintiffs argue to the contrary that Mr. Goff did suffer physical injury in the form of lack of sleep, nervousness, anxiety, stomach pain, and headaches. Plaintiffs contend that whether those ailments are physical injuries caused by the accident, which are recoverable under *Hughes*, or injuries resulting from fright or shock caused by witnessing injury to his family, which is not recoverable under *Hughes*, is a question of causation—a factual issue that may not be resolved on a motion to dismiss.

The Court holds that under these factual circumstances, Plaintiff Mr. Goff does not state a claim for negligent infliction of emotional distress. In *Hughes*, the Virginia Supreme Court upheld a jury verdict for a woman who was standing inside her house when a man accidentally drove his car into the front porch of the house. *Id.* at 220. The woman did not suffer immediate physical ailment, but two days after the accident, she complained to her doctor that she was unable to breast-feed her baby due to extreme nervousness. *Id.* at 215. The Court held that this constituted evidence that she suffered physical injuries which were the natural result of the fright and shock proximately caused by the defendant's tortious conduct. *Id.* at 220. The *Hughes* Court ruled that a party may recover for negligent infliction of emotional distress where there is a clear and unbroken chain of causal connection between the negligent act, the emotional disturbance, and the physical injury. *Id.* at 219.

In particular, the Court held:

[W]here conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone. We hold, however, that where the claim is for emotional disturbance *and* physical injury resulting therefrom, there may be recovery for negligent con-

duct, notwithstanding the lack of physical impact, provided the injured party properly pleads and proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence.

*Id.* (emphasis added). The Court clarified this rule later in the opinion, stating, "[W]e are not saying that a plaintiff, in an action for negligence, may recover damages for physical injuries resulting from fright or shock caused by witnessing injury to another, allegedly occasioned by the negligence of a defendant toward a third person, or caused by seeing the resulting injury to a third person after it has been inflicted through defendant's negligence." *Id.* at 219–20.

■ Thus, the *Hughes* decision instructs that physical injuries resulting from fright or shock are not recoverable under a claim of negligent infliction of emotional distress. The Supreme Court of Virginia had an opportunity to further clarify this rule in *Myseros v. Sissler*, 239 Va. 8, 387 S.E.2d 463 (1990), where the Court considered whether there was a physical injury naturally resulting from fright or shock that was recoverable under *Hughes v. Moore*. In *Myseros*, a truck driver was forced to step into a busy roadway after an intoxicated motorist bumped his car against the truck driver's gas truck. *Id.* at 464. The truck driver was not physically injured immediately after the accident, but he felt "scared," "nervous, sweaty, [and] dizzy" the next time he went to work. *Id.* at 465. The truck driver later came under psychiatric care due to a disorder accompanied by "sweating, dizziness, nausea, difficulty in sleeping and breathing, constriction of the coronary vessels, two episodes of chest pain, hypertension, unstable angina, marked ischemia, loss of appetite and weight, change in heart function, and problems with the heart muscle." *Id.* The Court held that these conditions were typical symptoms of an emotional disturbance, here anxiety disorder, for which there can

be no recovery under *Hughes v. Moore* in the absence of resulting physical injury. *Id.* at 466.

Under *Hughes* and *Myseros*, the Court holds that Mr. Goff's alleged ailments are not physical injuries resulting naturally from fright or shock proximately caused by Defendant Shaun Jones' alleged negligence in causing the car accident. Mr. Goff's condition appears to result from fright or shock caused by witnessing the accident. Like the plaintiff in *Myseros*, Mr. Goff has consulted psychiatric counseling due to the accident and its effects on his mental state. Mr. Goff claims that he suffers from nervousness, anxiety, anger, resentment, and inability to focus on work, among other difficulties. The Court holds that these are "typical symptoms of an emotional disturbance" rather than physical injuries resulting naturally from fright or shock proximately caused by the accident involving his wife and daughter. Consequently, the claim for negligent infliction of emotional distress cannot stand and the motion to dismiss this claim is granted.

## V. Negligent Entrustment

Defendants argue that the negligent entrustment claim should be dismissed because there is no recovery under Virginia law where the entrustment is not a proximate cause of the accident. *Hack v. Nester*, 241 Va. 499, 404 S.E.2d 42, 43 (1991). Defendants claim that the mere fact that Shaun Jones was not licensed to operate the car as required by statute does not in and of itself make Earl Jones, the owner, liable for injury caused by the operation of the car where the failure to obtain or possess a license had no causal relationship to the injury. *See Laughlin v. Rose*, 200 Va. 127, 104 S.E.2d 782 (1958); *see also White v. Edwards Chevrolet Co.*, 186 Va. 669, 43 S.E.2d 870 (1947) (entrustment of a truck to a competent driver who neglected to have license renewed was not proximate cause of accident).

Defendants contend that Plaintiff must present evidence that creates a factual issue whether the owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause injury to others. *Turner v. Lotts,* 244 Va. 554, 422 S.E.2d 765, 767 (1992). Defendants assert that Plaintiffs have not pled any specific allegations that Shaun Jones was denied driving privileges because of incompetency, physical or mental impairment, or membership in a class of persons forbidden by statute to be licensed. Defendants claim that even if Earl Jones knew his son, Shaun, did not have driving privileges in Virginia, there is still no allegation that shows the lack of driving privileges had any causal connection with the accident. The accident would not have been avoided had Shaun Jones had driving privileges at the time.

Plaintiffs argue that their pleading is in no way defective on this count because they allege that Earl Jones "carelessly, recklessly and negligently entrusted his vehicle to his son" and that he did so with the knowledge that his son was a "dangerous and reckless driver." In addition to that, Plaintiffs allege that Shaun Jones was driving on a suspended license and was unfit to drive. Plaintiffs claim that causation is a question of fact that is not properly before the Court at this time.

■ The test of liability for negligent entrustment is whether the owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause injury to others. *Hack,* 404 S.E.2d at 43; *Denby v. Davis,* 212 Va. 836, 188 S.E.2d 226, 229 (1972). In *Hack v. Nester,* a motor vehicle collision case, the Supreme Court of Virginia denied the negligent entrustment claim on the grounds that there was no showing that the entrustee's lack of a license had any causal connection to the collision. 404 S.E.2d at 44; *see also Laughlin v. Rose,* 104 S.E.2d at 786–87 (there can be no recovery for negligent entrustment unless the reason for the entrustee's disqualification from securing a

license was a proximate cause of the collision). *Denby v. Davis* is an example of a case where a court imposed liability for negligent entrustment. In that case, the entrustee was physically unfit to drive because he suffered from nystagmus, a congenital defect in the eye muscle, which disqualified him from obtaining a driver's license. *Denby,* 188 S.E.2d at 228.

■ Here, there is nothing that would support a claim of negligent entrustment against Defendant Earl Jones. His son, Shaun, had no physical ailment of which the Court is aware that might have caused the accident. The only support Plaintiffs provide for their claim is that Earl Jones entrusted his vehicle to his son, Shaun, knowing that he was a "dangerous and reckless driver" and that his driving privileges in Virginia had been suspended. *Compl.* ¶ 21. Under *Hack* and *Laughlin,* there can be no recovery here unless Plaintiffs show that Shaun Jones' suspended license was a proximate cause of the collision. Plaintiffs have not shown that the suspension of driving privileges in Virginia had any connection whatsoever to the accident. Indeed, it appears that Plaintiffs cannot make such a showing since the suspension was due to an unpaid traffic ticket; after the ticket was paid for, the driving privileges were reinstituted.

Plaintiffs are correct that proximate cause is generally a question of fact, *Coles v. Jenkins,* 34 F.Supp.2d 381, 388 (W.D.Va. 1998) (citing *Riggle v. Wadell,* 216 Va. 577, 221 S.E.2d 142, 145 (1976)), and that whether Earl Jones had knowledge of his son's suspended driving privileges when he entrusted the car is a question of fact. It is true that such questions are not resolved at the motion to dismiss stage. In this case, however, whether Earl Jones had knowledge of his son's suspended driving privileges is irrelevant because the lack of driving privileges cannot be shown to be the proximate cause of the accident. The fact that Shaun Jones had lost his driving privileges was not based on a physical ailment, as in *Denby,* that could have lent

to the occurrence of the accident. Defendant Shaun Jones' lost driving privileges were based on an unpaid traffic ticket. That, in and of itself, was not a proximate cause of the accident. *Coles,* 34 F.Supp.2d at 388. Thus, there is no evidence that would support a claim of negligent entrustment and dismissal of this claim is appropriate.

For the reasons stated above, it is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.