# CIRCUIT COURT OF ARLINGTON COUNTY

Edwin Bastable

v.

Saadet Muslu,
Janet Goktepe,
and Joy Goktepe

July 8, 2009

Case No. CL08-1191

BY JUDGE JOANNE F. ALPER

This matter comes before the Court on Demurrers filed by Defendants Janet Goktepe (henceforth "Goktepe") and Joy Goktepe (henceforth "J. Goktepe"). After hearing oral argument on June 19, 2009, and carefully reviewing the pleadings, case law, and facts of this case, the Court sets forth its ruling below.

*Factual Background*

This case arises out of a single-car accident involving a motor vehicle owned by Defendant Goktepe and driven by Defendant Saadet Muslu at the request of Defendant J. Goktepe. At the time of the accident, Plaintiff Edwin Bastable, Kimberly Stracka, and Jesse Little were passengers in the vehicle. Little died as a result of the injuries sustained in the accident; Bastable and Stracka were severely injured.

In a previous action, Little's estate filed suit against Muslu, Goktepe, and J. Goktepe for wrongful death. That matter was subsequently settled by the parties and dismissed in January 2009. Stracka brought suit against the named Defendants for damages arising from the injuries sustained in the accident. That case was dismissed with prejudice by consent of the parties in March 2009.

In this case, Plaintiff Bastable seeks judgment against Defendants Muslu, Goktepe, and J. Goktepe for compensatory and punitive damages. Plaintiff's Complaint contains the following claims: Count I: Gross Negligence against Muslu; Count II: Grossly Negligent Entrustment against J. Goktepe; Count III: Liability of J. Goktepe for Muslu's actions under an Agency Relationship; Count IV: Aiding and Abetting Negligence and Recklessness of Muslu by J. Goktepe; Count V: Joint Enterprise and/or Joint Venture against all Defendants; and Count VI: Negligent Entrustment against Goktepe. Defendants Goktepe and J. Goktepe contend that the Complaint fails to state a cause of action for Negligent Entrustment and ask the Court to sustain their Demurrers to those Counts. Moreover, J. Goktepe contends that there is not a recognized civil cause of action in the Commonwealth for Aiding and Abetting and asks the Court to sustain her Demurrer on that Count as well.

*Analysis*

Under well-settled Virginia law, the function of a demurrer is to challenge the legal sufficiency of a pleading and to test whether the pleading states a cause of action upon which relief may be granted. Va. Code Ann. § 8.01-273(A); *Blake Const. Co. v. Upper Occoquan Sewage Auth.*, 266 Va. 564, 587 S.E.2d 711 (2003). A demurrer admits the truth of all material facts properly pleaded, the facts expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly inferred from the facts alleged. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993). The court need not consider, accept, or admit a litigant's conclusions of law. *Heyward & Lee Constr. v. Sands, Anderson*, 249 Va. 54, 453 S.E.2d 270 (1995); *Duggin v. Adams*, 234 Va. 221, 360 S.E.2d 832 (1987). The court's ruling on a demurrer is confined to the legal sufficiency of the pleading and does not involve a consideration of disputed facts. *Hop-Inn Food Stores, Inc. v. Serv-N-Save, Inc.*, 237 Va. 206, 375 S.E.2d 753 (1989) (citing *Bellamy v. Gates*, 214 Va. 314, 200 S.E.2d 533 (1973)).

For a claim of negligent entrustment, the plaintiff must prove that the defendant expressly or impliedly permitted the driver to drive his vehicle, that the driver was an unfit driver, that the defendant knew or should have known

that the driver was unfit, that the driver was negligent as a result of the unfitness, and that the driver's negligence was a proximate cause of the plaintiff's injuries. Plaintiff relies on *McNeill v. Spindler*, 191 Va. 685, 62 S.E.2d 13 (1950), to support his position that the allegations of his Complaint are sufficient to show that both Defendant Joy Goktepe and Defendant Janet Goktepe knew or should have known that the car was entrusted to an unfit driver. However, in light of the Supreme Court of Virginia's decision in *Turner v. Lotts*, 244 Va. 554, 422 S.E.2d 765 (1992), this Court does not believe that the facts alleged in Plaintiff's Complaint are sufficient to sustain a cause of action for negligent entrustment.

In *Turner*, the plaintiff brought suit against the parents of the driver in a motor vehicle accident, claiming that the defendants negligently entrusted their son to operate a 1980 pickup truck. Plaintiff responded to a discovery request regarding the claim of negligent entrustment by stating that the parents "knew their son was a reckless and negligent driver on the basis of his receipt of three tickets for driving infractions and had been involved in at least two wrecks." Plaintiff claimed that, even though the parents set up a different insurance policy to avoid increased premiums based on the son's bad driving habits, they continued to entrust the vehicle to him. *Id.* at 555. The defendants filed a Motion for Summary Judgment, which was granted by the trial court. On appeal, the Court affirmed the trial court's decision, holding that the facts alleged were insufficient to proceed to a trial on a claim of negligent entrustment. *Id.* at 558.

This Court finds that the facts alleged in Plaintiff's Complaint are less persuasive than those which the Supreme Court found insufficient in *Turner*. Here, as in *Turner*, there have been no allegations of physical or mental impairment of Defendant Muslu at the time of the accident, nor has there been an allegation that she was under the influence of drugs or alcohol. Plaintiff merely states that Defendant J. Goktepe "knew or should have known that [Muslu] was under the age of eighteen," "knew or should have known that [Muslu] held a restricted driver's license that prohibited her from driving between . . . 12:00 a.m. and 4:00 a.m.," "knew or should have known that [Muslu] was an inexperienced driver," knew or should have known that [Muslu] was in the habit of racing vehicles on open roads" and "in the habit of speeding while driving vehicles on open roads," and "knew or should have known that [Muslu] had been cited for excessive speeding."

Similarly, Plaintiff makes no allegation that Defendant J. Goktepe was physically or mentally impaired or under the influence of drugs or alcohol when Defendant Goktepe gave her the use of the car. Plaintiff claims only that, "on information and belief, [Goktepe] knew or should have known that

[J. Goktepe and Muslu] liked to race and excessively speed," "on information and belief knew or should have known that [J. Goktepe] had been in a wreck while racing her Mustang," and "on information and belief knew or should have known that [J. Goktepe] had a reputation for recklessly, willfully, and wantonly racing her vehicle." As in *Turner*, this Court does not find that these assertions are sufficient facts to support the Counts of Negligent Entrustment against Defendants Goktepe and J. Goktepe.

With respect to Count IV, alleging a cause of action of "Aiding and Abetting," the Court does not believe this is a valid cause of action in the Commonwealth. Notwithstanding the 1915 decision in *Ratcliffe v. Walker*, 117 Va. 569, 85 S.E. 575 (1915), there is no modern authority which supports a claim for aiding and abetting a tortious action, and counsel for the Plaintiff has provided no persuasive authority for this cause of action.

### Conclusion

Based on the foregoing, the Court sustains Goktepe's Demurrer to Count VI: Negligent Entrustment and J. Goktepe's Demurrer to Count II: Grossly Negligent Entrustment. Bastable is granted leave to amend these Counts if he so desires within ten days of this Letter. Defendant J. Goktepe's Demurrer to Count IV: Aiding and Abetting is sustained without leave to amend.