# CIRCUIT COURT OF ROCKINGHAM COUNTY

Barbara O'Brien

v.

Quinton C. Glenn

February 17, 2010

Case No. CL08-00981

BY JUDGE THOMAS J. WILSON, IV

This matter came before the Court on Defendant's Motion for Summary Judgment. The Court heard oral argument on February 17, 2010 and due to the imminent trial, issued a summary opinion from the bench denying the motion on all grounds. The Court advised counsel that it would issue a letter opinion setting out its ruling more fully, and now does so as follows.

Summary judgment will not be granted where there are material facts in dispute. Rule 3:20. The Court may consider the admissions of either party, as well as the pleadings, in granting summary judgment. *Id.*

Defendant asks for summary judgment on Plaintiff's claim of negligent entrustment because Reiderman, the driver of the vehicle, was neither physically nor mentally impaired. In her responses to Request for Admissions, Plaintiff admits that Mr. Reiderman was neither physically nor mentally impaired, that he was not under the influence of alcohol or narcotics, and that the vehicle was free of defects. Defendant relies on the following test set out in *Denby v. Davis*, 212 Va. 836 (1972): "whether the owner knew, or had reasonable cause to know, that he was entrusting his car to an *unfit* driver likely to cause injury to others." *Id.* at 838 (italics added). Defendant takes the position that Virginia law requires that the owner of the vehicle have knowledge of some mental or physical defect of

the driver to maintain a claim for negligent entrustment. Thus far, the Supreme Court of Virginia has allowed jury findings of negligent entrustment to stand only where the owner had notice of some physical or mental defect of the driver. *E.g.*, *Denby*, 212 Va. at 838 (severe eye condition); *Hack v. Nester*, 241 Va. 499 (1990) (vehicle defect).

However, the Court, in *Turner v. Lotts*, 244 Va. 554 (1992), recognized that past negligent acts, if sufficiently proven, could make a driver "unfit" under the *Denby* test. The Court observed that there had been no allegation of physical or mental impairment, or of a defective car. *Id.* at 767. "Just as important, there is no allegation that Kenneth's conduct in prior accidents was negligent or that his accident with Turner was a proximate cause of similar negligence." *Id.* at 767-68. Here, the allegation is that Defendant "continued to permit Reiderman to operate his motor vehicle while Defendant was present in the vehicle and was a witness to Reiderman's reckless, willful, and wanton driving conduct," (Compl. ¶ 22), which is described elsewhere in the complaint as "road games." (E.g., ¶ 16.) Such reckless conduct is an appropriate basis making a driver unfit under the *Denby* test. Because the parties dispute material facts as to Reiderman's dangerous propensities and Defendant's knowledge of the same, the Court denies summary judgment on this ground.

Similarly, Defendant asks for summary judgment on the ground that there is "no evidence that any perceived inability to operate a motor vehicle on the part of Mr. Reiderman was a proximate cause of such accident." (Def. Br. in Supp. 6.) At summary judgment, the issue is not whether there is yet sufficient evidence but rather whether, as a matter of law, Defendant is entitled to judgment. *See* Rule 3:20. Plaintiff has alleged that Reiderman's reckless conduct was a cause of Tiffany Heatwole's death. And as explained above, Plaintiff need not show that Reiderman was unable to operate the car but only that Defendant knew he was likely to cause harm based on his dangerous manner of driving. Accordingly, the motion is denied on this ground.

Finally, Defendant asks for summary judgment on Plaintiff's joint enterprise claim. Defendant argues first that Plaintiff did not plead such a claim in her complaint. Upon review, it appears that Plaintiff did plead such a claim, styled as "Count I: Joint Enterprise." This claim alleges, in part, that Defendant and Reiderman undertook with common purpose to play reckless road games. Defendant further argues that "the elements of community of interest and control are not present to support a theory of joint enterprise." (Def. Mem. in Supp. 9.) This argument attacks the

sufficiency of Plaintiff's evidence and is, thus, not an appropriate ground for summary judgment.

Accordingly, Defendant's Motion for Summary Judgment is denied on all grounds.