# CIRCUIT COURT OF THE CITY OF NORFOLK

Sheila Pfister

v.

City of Norfolk

April 30, 2010

Case No. (Civil) CL08-5023

BY JUDGE MARY JANE HALL

This matter comes before the Court on Defendant's Motion for Summary Judgment. After consideration of the motion, the attached discovery responses, and the oral arguments of counsel, the Court finds that genuine issues of material fact preclude the entry of summary judgment at this time. Hence, the Court denies Defendant's Motion for Summary Judgment.

*Background*

Plaintiff filed suit against the City on August 14, 2008, alleging that she sustained personal injuries as a result of a fall on a city sidewalk that she characterizes as dangerous and defective. The alleged defect, as described in discovery responses and depicted in photographs provided by Plaintiff and attached to the City's motion, is an uneven surface in the concrete at an expansion joint. The relevant section of sidewalk is immediately adjacent to a tree, the roots of which apparently have caused disturbance to the concrete. Plaintiff alleges that the difference in surface

area between the two slabs of concrete where she tripped measures two to three inches. She also alleges that Defendant knew about the defect in the sidewalk due to prior complaints by residents in the area yet failed to repair or maintain the sidewalk.

Defendant bases its Motion for Summary Judgment on three grounds: (1) Plaintiff has failed to describe an actionable defect in the sidewalk, (2) Plaintiff's discovery responses establish that the City had no notice of any defect, and (3) Plaintiff's failure to notice and avoid the open and obvious defect constitutes contributory negligence as a matter of law.

*Standard of Review*

According to the Rules of the Supreme Court of Virginia:

> Any party may make a motion for summary judgment at any time after the parties are at issue. ... If it appears from the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings, or, upon sustaining a motion to strike the evidence, that the moving party is entitled to judgment, the court shall enter judgment in that party's favor. ... Summary judgment shall not be entered if any material fact is genuinely in dispute.

Va. Sup. Ct. R. 3:20. A trial court considering a motion for summary judgment must "accept as true those inferences from the facts that are most favorable to the non-moving party, unless the inferences are forced, strained, or contrary to reason." *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88 (2009) (citing *Dickerson v. Fatehi*, 253 Va. 324, 327 (1997); *Carson v. LeBlanc*, 245 Va. 135, 139–40 (1993)).

While summary judgment is available in certain circumstances, it is well settled that it "is a drastic remedy, available only when there are no material facts genuinely in dispute." *Id.* (citing *Stockbridge v. Gemini Air Cargo, Inc.*, 269 Va. 609, 618 (2005); *Smith v. Smith*, 254 Va. 99, 103 (1997); *Slone v. General Motors Corp.*, 249 Va. 520, 522 (1995)). "[I]f the evidence is conflicting on a material point or if reasonable persons may draw different conclusions from the evidence, summary judgment is not appropriate." *Id.* (citing *Jenkins v. Pyles*, 269 Va. 383 (2005)).

## A. *Notice and Contributory Negligence*

Addressing Defendant's last two grounds first, the Court notes that Plaintiff's Supplemental Answers to Defendant's Interrogatories, furnished after Defendant had filed this motion, sufficiently outline facts that create a genuine issue of material fact regarding Defendant's notice of the alleged defect. The Supplemental Answers generally describe complaints concerning the sidewalk defect to the City prior to Plaintiff's fall. Defendant argues that the Supplemental Answers do not hone in on the precise area of sidewalk involved in this case and might be interpreted to relate to some different part of the sidewalk bordering the affected resident's property. If a response to request for admission or some other pleading established that the resident's complaint did not involve the portion of sidewalk at issue in this litigation, Defendant's position might be meritorious; but on the current state of the pleadings and discovery, the Court cannot rule that no genuine issues of material fact exist respecting the City's lack of notice of this defect in the sidewalk. Interpretation of the Supplemental Answer in the light most favorable to the non-moving party suggests that Plaintiff has facts to submit to the jury about the City's notice of this alleged defect.

To the same effect, the Court is not persuaded that the issue of Plaintiff's contributory negligence can be taken away from the jury on the basis of the pleadings and discovery responses. Defendant argues that a ledge in the sidewalk of two to three inches is so obvious that a plaintiff who trips over it should be deemed contributorily negligent as a matter of law. The City relies upon *Hillsville v. Nester*, 215 Va. 4 (1974), which, coincidentally, involved a plaintiff who tripped on a sidewalk where one slab had settled about two and one half inches below the connecting slab. The Supreme Court of Virginia ruled that the defect was open and obvious and, by the exercise of ordinary care, could have and should have been seen. *Id.* at 5. It held that the trial court erred in overruling defendant's motion to strike and motion to set aside the verdict, and it reversed and entered final judgment for the plaintiff.

Notwithstanding the remarkable similarity in the facts of *Hillsville* and those of the instant case, *Hillsville* was decided following a presentation of the parties' evidence and not on summary judgment. "The issue whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact to be decided by the fact finder." *Estate of Moses v. Southwestern Va. Transit Mgmt. Co.*, 273 Va. 672, 678, 643 S.E.2d 156, 160 (2007). The circuit court should only decide this issue when

reasonable minds could not differ about what conclusion could be drawn from the evidence. *Id.* Given that Plaintiff has not yet presented her evidence or offered an explanation for why she failed to see the ledge in the sidewalk, the Court lacks a basis to hold that reasonable minds could not differ on the issue of Plaintiff's contributory negligence.

## B. *Plaintiff Failed to Allege an Actionable Defect*

It is well-settled in Virginia that a city is not an insurer of the safety of pedestrians using its sidewalks and is only responsible for maintaining its sidewalks in a reasonably safe condition for travel. *Newport News v. Anderson*, 216 Va. 791, 792, 223 S.E.2d 869, 870 (1976); *Roanoke v. Sutherland*, 159 Va. 749, 755, 167 S.E. 243, 245 (1933); *Staunton v. Kerr*, 160 Va. 420, 168 S.E. 326 (1933). A city is not liable for a defect so slight that reasonable men could not differ in concluding that it would not endanger travel by persons exercising ordinary care. *Newport News v. Anderson*, 216 Va. 791, 792, 223 S.E.2d 869, 870 (1976).

The photographs furnished by Plaintiff and offered by the City in support of the motion, depict an unremarkable section of sidewalk that looks much like sidewalk throughout the City. The City argues that the photographs show a defect so slight that reasonable persons could not differ as to whether it constituted a danger to pedestrians exercising ordinary care for their own safety. The City cites *Staunton v. Kerr*, 160 Va. at 425, 168 S.E. at 328, where a plaintiff fell upon stepping into a slight depression in the pavement. The Court noted that "Irregularities in grade, unevenness in surface, sharp depressions at crossings, accidental displacement of brick or stone, and many other things which may or may not be defects, but yet sufficient in themselves to cause an accident to the unwary, are so common and usual that it is the duty of the pedestrian to be observant of such fact, and not to walk blindly." The *Staunton* Court ruled that the trial court should have set aside a jury verdict for the plaintiff, both because the plaintiff was contributorily negligent as a matter of law and because the defendant was not guilty of any primary negligence.

The authority relied upon by Defendant suggests that the evaluation of the slightness of the alleged defect should be conducted following the parties' presentation of evidence and not in connection with a summary judgment motion. *See West v. Portsmouth*, 217 Va. 734, 232 S.E.2d 763 (1977); *Newport News v. Anderson*, 216 Va. 791, 223 S.E.2d 869 (1976); *Staunton v. Kerr*, 160 Va. 420, 168 S.E. 326 (1933); *Roanoke v. Sutherland*, 159 Va. 749, 167 S.E. 243 (1933). Plaintiff's Supplemental

Answer describes a condition of sidewalk that prompted complaints and repair requests by the adjacent residents. The Court determines that genuine issues of material fact do surround this question and the pleadings do not establish a defect so slight as to alleviate Defendant from liability as a matter of law. While this issue may properly be revisited following presentation of the evidence at trial, the Court finds that it is premature at this time.

Counsel for Plaintiff should please prepare an Order denying the Motion for Summary Judgment.