## CIRCUIT COURT OF THE CITY OF ROANOKE

Regina L. Tickle

    v.

City of Roanoke

November 2, 2010

Case No. CL06000228-00

By Judge Charles N. Dorsey

This matter is before the Court on defendant's motion for summary judgment. For the reasons that follow, after having considered the pleadings, the relevant case law, and the arguments of counsel, the defendant's motion for summary judgment is denied because genuine issues of material fact exist.

*Facts*

The plaintiff, while walking from her car to her house, tripped upon a crack in the sidewalk, fell, and fractured a vertebra in her back. During the incident, plaintiff was aware of the gap in the sidewalk and was "trying to keep [her] child from tripping over the sidewalk" when she herself tripped. Plaintiff's letter to Glen Asher, Risk Management Officer, March 19, 2004. Plaintiff alleges, and defendant does not contest, that plaintiff notified defendant multiple times about the defect in the sidewalk and that said defect was a gap of six inches or more. Defendant responded by patching the sidewalk. These patches were not durable and fell into disrepair and were no longer covering the defect in the sidewalk at the time of the incident.

The plaintiff incurred medical expenses and lost wages from employment and is also seeking compensation due to pain and suffering.

*Standard of Review*

The Court "may appropriately grant summary judgment in cases where no material facts are genuinely in dispute." *Hansen v. Stanley Martin Cos., Inc.*, 266 Va. 345, 351, 585 S.E.2d 567 (2003). The Court must adopt as true "those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Id.* (quoting *Dudas v. Glenwood Golf Club, Inc.*, 261 Va. 133, 136, 540 S.E.2d 129 (2001) (quoting *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880 (1997))). In Virginia, "the decision to grant a motion for summary judgment is a drastic remedy," and therefore not to be given lightly. *Slone v. General Motors Corp.*, 249 Va. 520, 522, 457 S.E.2d 51 (1995) (quoting *Turner v. Lotts*, 244 Va. 554, 556, 422 S.E.2d 765 (1992)).

*Analysis*

Defendant acknowledges, and Rule 3:20 requires, that no part of a decision for summary judgment may rest upon opponent's deposition. *See* Rules of the Supreme Court of Virginia, Rule 3:20 ("No motion for summary judgment or to strike the evidence shall be sustained when based in whole or in part upon any discovery depositions under Rule 4:5, unless all parties to the action shall agree that such deposition may be so used."). *See also Andrews v. Ring*, 266 Va. 311, 318, 585 S.E.2d 780 (2003) ("A grant of summary judgment must be based upon undisputed facts established by pleadings, admissions in pleadings, and admissions made in answers to requests for admissions."). Defendant admits that its request for Admissions No. 7 and 10 was "based on information derived from the City's deposition of Plaintiff." City of Roanoke's Reply to Complainant's Response to Defendant's Motion for Summary Judgment, Section 5. This alone supports a denial of defendant's motion. *See Carson v. LeBlanc*, 245 Va. 135, 137, 427 S.E.2d 189 (1993) (discussing the proper evidence to use in summary judgment and implying the motion for summary judgment would be foreclosed had plaintiff objected to use of depositions in defendant's motions). However, even if the court ignores Admissions No. 7 and 10, the defendant's motion still fails.

In the alternative, the Court will consider the requests for summary judgment as if the defendant bases its motion upon plaintiff's letter dated March 19, 2004, and plaintiff's complainant. The court considers the negligence and nuisance claim together because the *ratio decidendi* is the same for each. The following four factual issues, (1) the size of the gap, (2) the knowledge of plaintiff immediately prior to the incident, (3) the existence, or lack thereof, of an alternative route, and (4) the nature of a nuisance, each create an issue of fact that alone forecloses summary judgment.

Defendant states "it is not expected, nor is it required, to keep the surface of its sidewalks perfectly level and even." *City of Newport News v. Anderson*, 216 Va. 791, 792-93, 223 S.E.2d 869. This is true; however, it is the finder of fact who determines when a sidewalk is so uneven that an action may lie. There is a great difference between perfectly level and a six inch gap, and "reasonable persons could disagree," *Hansen*, 266 Va. 345, 354, 585 S.E.2d 567, if this particular gap is actionable.

Defendant pleads contributory negligence on part of the plaintiff, and cites *Hill v. City of Richmond*, 189 Va. 576 (1949), stating that "where a person knows of the existence of a condition in a sidewalk, but without any reasonable excuse forgets about the condition, and falls over the condition and is injured, he or she is guilty of contributory negligence as a matter of law." The plaintiff alleges that she remembered the condition and was actively trying to prevent her child tripping over it. Reasonable minds may differ on whether plaintiff actually forgot the condition. And should they decide she did forget, they could differ on the reasonableness of plaintiff's excuse for forgetting the defect.

Defendant cites *Hill* to establish plaintiff's affirmative duty to choose a safer route where available. However, plaintiff has not admitted, and defendant has not shown nor alleged, that a safer route existed. It is established that the defect was only twenty feet from plaintiff's house, and it is easily imaginable that no safer route might have existed. "The Court lacks a basis to hold that reasonable minds could not differ on the issue." *Pfister v. City of Norfolk*, 80 Va. Cir. 348 (2010).

Defendant attempts to equate nuisance with "hidden from observation" and to qualify the condition as open and obvious. However, there are many nuisances that are open and notorious, such as odiferous pig farms, *see Commonwealth v. Perry*, 139 Mass. 198, 198, 29 N.E. 656 (1885) ("A piggery in which swine are kept in such numbers that their natural odors fill the air thereabouts, and make the occupation of the neighboring house and passage over the adjacent highways disagreeable or worse is a nuisance." Holmes, J.), and obstreperous rock concerts. *See People v. Rubenfeld*, 254 N.Y. 245, 249, 172 N.E. 485 (1930) ("Here is tumult so great, if the witnesses are to be credited, as to be a plague to a whole neighborhood." Cardozo, J.). *See also City of Virginia Beach v. Murphy*, 239 Va. 353, 356, 389 S.E.2d 462 (1990) (upholding a city ordinance banning "unreasonably loud, disturbing, and unnecessary noise"). Courts have addressed each of these under public nuisance theory and thereby foreclosed the argument that a nuisance must be hidden from observation. The defendant also appeals to common sense arguing that, if a six inch gap is a public nuisance, then every curb is a public nuisance. This is primarily a factual argument and illustrates that there are factual issues which must be decided by the finder of fact. Consider: There is a large difference between a purpose built obstruction running parallel between roads and sidewalks

designed to prevent inadvertent drifting of vehicles onto sidewalks and a defect running perpendicular through the sidewalk. One is designed specifically to make pedestrians safer, the other the city has attempted to fix to keep pedestrians from tripping.

The four examples above each create an issue of fact that preclude the granting of defendant's summary judgment motion as to plaintiff's negligence and nuisance claims. These significant questions of fact must be determined by the trier of fact, and therefore defendant's summary judgment motion fails.