## CIRCUIT COURT OF ROCKINGHAM COUNTY

Gerald E. Kohr

v.

Seth Wayne Hostetter,
and H & H Auto
Service Center, Inc.

August 9, 2012

Case No. CL 10-1009

By Judge Thomas J. Wilson, IV

Currently before the Court is the Demurrer to the Second Amended Complaint by Defendant H & H Auto Service Center, Inc., filed with the Court on April 2, 2012. After reviewing the matter before the Court and after having researched the issues, the Court finds as follows.

According to the Supreme Court of Virginia, "[t]he purpose of a demurrer is to determine whether a motion for judgment states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 557, 708 S.E.2d 867 (2011) (citation omitted). To survive a demurrer by the other party, the complaint must:

> allege[] sufficient facts to constitute a foundation in law for the judgment sought, and not merely conclusions of law. To survive a challenge by demurrer, a pleading must be made with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment. In other words, despite the liberality of presentation which the court will indulge, the motion must state a cause of action.

*Id.* at 558. In ruling on the Demurrer, the Court "consider[s] as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged." *Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400 (1993).

The first issue on Demurrer is whether Plaintiff's Second Amended Complaint states a cause of action for negligent entrustment. In *Turner v. Lotts*, 244 Va. 554, 422 S.E.2d 765 (1992), the Supreme Court of Virginia set forth the following standard regarding the doctrine of negligent entrustment:

> A plaintiff who invokes that doctrine must present evidence which creates a factual issue whether "[t]he owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause injury to others." Furthermore, in order to impose liability upon the owner, the plaintiff must prove that the negligent entrustment of the motor vehicle to the tortfeasor was a proximate cause of the accident.

*Id*. at 557 (citations omitted). The Supreme Court of Virginia further noted, "[w]e have permitted a plaintiff injured in an automobile accident to recover under a theory of negligent entrustment in limited instances." *Id*. at 558. The instances permitted by the Supreme Court of Virginia included an owner entrusting his car to a driver with a congenital defect in his eye muscles and who was disqualified from obtaining a driver's license, a father who entrusted his car to his son whose license had been revoked because of alcohol abuse, and an owner who entrusted his car to a driver when the car had a defective headlight. *Id*.

The defendant H & H argues in its Demurrer that Plaintiff fails to allege that "[t]he owner knew, or had reasonable cause to now, that he was entrusting his car to an unfit driver likely to cause injury to others." *Id*. at 557 (citations omitted). In response, Plaintiff argues that the following facts are alleged in paragraph 10 of the Second Amended Complaint:

> H & H negligently entrusted the truck to Hostetter. H & H is liable because it permitted its vehicle to be used by an unfit driver whose negligence, as a result of the unfitness, caused the accident. H & H permitted Hostetter to drive the truck when it knew or should have known Hostetter was an unfit driver and likely to cause injury to others, including plaintiff.

Second Amended Complaint, at paragraph 10. Contrary to Plaintiff's position, the language cited above does not constitute actual facts. Instead, the language cited above constitutes conclusions of law by Plaintiff. In the case currently before the Court, the pleadings state that H & H knew, or should have known, that Seth Wayne Hostetter was an unfit driver based on his prior driving history and his criminal record. The details of the driving history are set out in paragraph 5 of the Second Amended Complaint. This paragraph contains both factual and conclusory allegations. The Court does

not believe that a criminal record in and of itself makes someone an unfit driver. With respect to Hostetter's driving history, Plaintiff alleges that Hostetter has five speeding tickets, has been in an accident, and previously drove on a suspended license. The Court finds that these facts are very similar to those noted in *Turner*. In this case, the facts alleged with reasonable inferences drawn therefrom are that Hostetter had a valid driver's license at the time of the accident, did not suffer from any congenital defects, and the truck involved in the accident was not defective. In *Turner*, the Supreme Court of Virginia held as follows:

> The gist of Turner's claim of negligent entrustment against Mr. and Mrs. Lotts is that they knew that their son had received three tickets for driving infractions and had been involved in two accidents "to the point where [the Lotts] set up a different insurance policy for the motor vehicle being driven by their son." These facts, as a matter of law, are not sufficient to permit Turner to proceed to a trial on the merits.

Turner, 244 Va. at 558. The Court finds that the facts alleged by Plaintiff in the Second Amended Complaint do not support a cause of action for negligent entrustment. Plaintiff may not proceed on the claim of negligent entrustment as a matter of law, as pleaded.

The next issue on Demurrer is whether Plaintiff's Second Amended Complaint states a cause of action for negligent hiring and negligent retention. In *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 372 S.E.2d 391 (1988), the Supreme Court of Virginia noted the following distinction between respondeat superior and negligent hiring:

> [T]he two causes of action differ in focus. Under respondeat superior, an employer is vicariously liable for an employee's tortious acts committed within the scope of employment. In contrast, negligent hiring is a doctrine of primary liability; the employer is principally liable for negligently placing an unfit person in an employment situation involving an unreasonable risk of harm to others. Negligent hiring, therefore, enables plaintiffs to recover in situations where respondeat superior's "scope of employment" limitation previously protected employers from liability.

*Id.* at 211 (citation omitted). The Supreme Court of Virginia held that the plaintiff stated a claim for negligent hiring. *Id.* In the more recent case of *Interim Personnel of Central Va., Inc. v. Messer*, 263 Va. 435, 559 S.E.2d 704 (2002), the Supreme Court stated the following with respect to negligent hiring:

Liability for negligent hiring is based upon an employer's failure to exercise reasonable care in placing an individual with known propensities, or propensities that should have been discovered by reasonable investigation, in an employment position in which, due to the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others. Mere proof of the failure to investigate a potential employee's background is not sufficient to establish an employer's liability for negligent hiring.

*Id.* at 440 (citation omitted). The Supreme Court of Virginia has also recognized the independent tort of negligent retention. See *Southeast Apts. Mgmt., Inc. v. Jackman*, 257 Va. 256, 513 S.E.2d 395 (1999); *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 401, 368 S.E.2d 268 (1988); *Norfolk Protestant Hosp. v. Plunkett*, 162 Va. 151, 156, 173 S.E. 363 (1934). In *Southeast Apts. Mgmt., Inc. v. Jackman*, the Supreme Court of Virginia identified the claim of negligent retention as the following:

As applicable to the facts of the present case, this cause of action is based on the principle that an employer owning leased premises is subject to liability for harm resulting from the employer's negligence in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm tenants.

*Id.* at 260-61. Plaintiff alleges in the Second Amended Complaint that, at the time of the accident, Hostetter was a convicted felon, had numerous speeding violations, and there were other instances where he disobeyed the rules of the road. Furthermore, Plaintiff alleges that Hostetter was placed in an employment position where he operated a 15,000-pound truck, for which he had no formal training. Plaintiff also alleges that the employer knew or should have known of the past driving history prior to the accident. Based on the pleadings, the Court finds that Plaintiff states a cause of action for negligent hiring and negligent retention.

Accordingly, the Court sustains in part and overrules in part the Demurrer to Second Amended Complaint by Defendant H & H Auto Service Center, Inc. The Court sustains the Demurrer with respect to negligent entrustment, and overrules the Demurrer with respect to negligent hiring and negligent retention. Plaintiff is granted leave to amend.